**Johnathan E. Mansfield, OSB #055390**
Email jmansfield@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900

**Edward W. Goldstein** (Appearing *pro hac vice*)
Email egoldstein@gfpiplaw.com
**Corby R. Vowell** (Appearing *pro hac vice*)
Email cvowell@gfpiplaw.com
Goldstein, Faucett & Prebeg, L.L.P.
1177 West Loop South, Suite 400
Houston, TX 77027
Telephone 713.877.1515
Fax 713.877.1145

Attorneys for Plaintiff Gary Odom

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GARY ODOM,** an Oregon resident, | Civil Action No.3:09-cv-00230-MO |
| Plaintiff and Counterclaim-Defendant, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| **MICROSOFT CORPORATION,** a Washington corporation, | |
| Defendant and Counterclaim-Plaintiff. | |

The parties to this litigation matter desire to hold confidential and limit the disclosure of certain trade secret or other confidential financial, technical, or commercial information that may

Page 1    STIPULATED PROTECTIVE ORDER

be produced during discovery or trial of this action. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and LR 26.6, it is hereby STIPULATED by and between the parties to the above-captioned litigation through their respective counsel, and ORDERED and DECREED that the following Protective Order be entered to give effect to the agreed-upon terms and conditions, as follows:

1. Documents, transcribed testimony, or discovery responses containing confidential information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL" and which are disclosed or produced to the attorneys for the other party to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) information that is in the public domain at the time of disclosure, (b) information that after disclosure is published or becomes part of the public domain through no fault of a party receiving information under this Protective Order, (c) information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure (subject to Paragraph 16 below), or (d) information disclosed by a non-party that is not subject to any confidentiality obligations at the time of disclosure (subject to Paragraph 16 below).

3. Protected Documents marked "CONFIDENTIAL" are confidential technical (including trade secrets), licensing, or financial information that the producing party or nonparty believes in good faith to be so commercially sensitive that disclosure to

persons other than those authorized poses a risk of impairing the interests of the producing party or nonparty, and which is to be disclosed or produced to a party in this action. Such confidential information may include, engineering, scientific, and other data, including know-how or trade secrets relating to the design, development, or manufacture of a party or a non-party's products, pending (but non-published) patent applications, intellectual property licenses or information about such licenses, and highly confidential financial information.

4. To the extent that it becomes necessary to produce Protected Documents comprising "source code," such as computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module, the parties agree that additional obligations and measures will be necessary to protect the highly confidential nature of the source code prior to its disclosure and that they will negotiate a supplemental protective order directed to those additional obligations and measures at that time.

5. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. The written notice must specifically identify the Protected Documents or specific portions thereof whose confidential designation is challenged and the reasons supporting the challenge. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties

disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

6. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

7. Protected Documents designated "CONFIDENTIAL" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):
   a. Outside counsel in this action for the party receiving Protected Documents or any information contained therein;
   b. Employees and non-party independent contractors of such outside counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    c. In-house counsel in this action for the party receiving Protected Documents or any information contained therein;

    d. The Court; and

    e. Experts or consultants that are disclosed and qualified pursuant to the terms of paragraph 18 below, subject to the limitations contained in paragraph 16 below.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

8. Absent the written consent of the Producing Party, any Counsel (outside or in-house) that receives access to Protected Documents shall not directly or indirectly be involved in the prosecution of patent applications, including without limitation the drafting, amending, or supervision of the drafting or amending of patent claims, relating to graphical user interfaces before any foreign or domestic agency, including the United States Patent and Trademark Office. This prohibition on patent prosecution shall begin when the affected individual first receives access to Protected Documents and shall end two (2) years after the final resolution of this action, including all appeals.

9. The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the

deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

11. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. Inadvertent or unintentional production of documents or information containing confidential information that are not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

13. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize – including but not limited to disclosing, discussing, or describing in any publication, whether authored by a party or another – Protected Documents or any information contained therein.

14. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

15. Within ninety (90) days of the termination of this action by dismissal, judgment, or settlement, counsel for the party receiving Protected Documents shall return the Protected Documents to the counsel for the party disclosing or producing the Protected Documents or in the alternative certify destruction of all copies of the Protected Documents. The party receiving the Protected Documents shall keep their attorney work product that refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

16. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. This protective order shall afford all third parties who produce any Protected Documents the same protections afforded to the parties to this action. Specifically, third parties shall be entitled to mark any documents "CONFIDENTIAL" and shall also be able to designate any deposition testimony "CONFIDENTIAL." The parties to this action will treat such marked information per the terms of the protective order. To the extent applicable, the remaining provisions of this protective order shall apply to third parties.

18. EXPERTS AND CONSULTANTS
    a. Experts or consultants receiving Protected Documents may not be a party, or current officer, director, or employee of a party, or of a competitor of the

       Producing Party, nor anticipate at the time of retention becoming an officer, director or employee of a party or of a competitor of the Producing Party.

b. Before disclosing any Protected Documents to an outside expert or consultant, the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the person's name; (ii) the person's present employer and title; (iii) the person's up-to-date curriculum vitae; and (iv) a list of the cases in which the person has consulted, prepared an expert report, and/or testified at deposition or trial in the last five (5) years.

c. Within ten (10) days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party or Parties may object in writing to the proposed outside expert or consultant for good cause. Absent objection by the end of the ten (10) day period, the person shall be deemed approved under this Protective Order. Protected Documents may not be disclosed to any expert or consultant before this ten (10) day period expires. If the Producing Party objects to disclosure to the expert or consultant within such ten (10) day period, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials may not be disclosed to the proposed expert or consultant in question until the Court has resolved the objection. A party may not use an objection under this sub-paragraph to interfere with a party's trial preparations.

d. For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or

      inadvertently, use or disclose Protected Documents in a manner that is inconsistent with the provisions of this Order.

e. Before receiving Protected Documents under this Order, the proposed outside expert or consultant shall execute a copy of the "Undertaking to Protective Order" (Exhibit A hereto).

f. Failure to object to an outside expert or consultant shall not preclude the non-objecting party from later objecting to continued access by that outside expert or consultant for good cause. If an objection is made, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court. The designated expert or consultant may continue to have access to information that was provided such expert or consultant prior to the date of the objection. If a later objection is made, no further Protected Documents shall be disclosed to the outside expert or consultant until the matter is resolved by the Court or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five (5) business days after the meet and confer, further Protected Documents may thereafter be provided to the outside expert or consultant.

  So ORDERED AND SIGNED this _____ day of _____, 2009.

 

                                      _____
                                      Judge Michael W. Mosman

|  |  |
|---|---|
| Dated: July 28, 2009 | /s/ Edward W. Goldstein<br>Edward W. Goldstein (Appearing *Pro Hac Vice*)<br>Corby R. Vowell (Appearing *Pro Hac Vice*)<br>**Goldstein, Faucett & Prebeg, L.L.P.**<br>1177 West Loop South, Suite 400<br>Houston, TX 77027<br>Telephone 713.877.1515<br>Facsimile 713.877.1145<br>Email: egoldstein@gfpiplaw.com<br>Email: cvowell@gfpiplaw.com<br><br>Johnathan E. Mansfield<br>**Schwabe, Williamson & Wyatt, P.C.**<br>Pacwest Center<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR  97204<br>Telephone: 503.222.9981<br>Facsimile: 503.796.2900<br>Email: jmansfield@schwabe.com<br><br>Attorneys for Plaintiff Gary Odom |
| Dated: July 28, 2009 | /s/ Joseph A. Micallef<br>Joseph A. Micallef (Appearing *Pro Hac Vice*)<br>Matthew N. Bathon (Appearing *Pro Hac Vice*)<br>**Arnold & Porter**<br>555 Twelfth St. NW<br>Washington, DC  20004-1202<br>Tel:  202-942-5000<br>Fax:  202-942-5999<br>joseph.micallef@aporter.com<br>matthew.bathon@aporter.com<br><br>William A. Birdwell<br>Robert D. Newell<br>Davis Wright Tremaine LLP<br>1300 SW 5th Ave., suite 2300<br>Portland, OR  97201<br>Tel:  503-778-5234<br>Fax:  503-778-5299<br>bobnewell@dwt.com<br>wabirdwell@dwt.com<br><br>Attorneys for Defendant Microsoft |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GARY ODOM,** an Oregon resident,<br><br>        Plaintiff and Counterclaim-Defendant,<br><br>  vs.<br><br>**MICROSOFT CORPORATION,** a Washington corporation,<br><br>        Defendant and Counterclaim-Plaintiff. | Civil Action No.3:09-cv-00230-MO<br><br>**UNDERTAKING TO PROTECTIVE ORDER** |

STATE OF _____ )
                                    ) SS:
COUNTY OF _____ )

      I, _____, having been retained by _____ in connection with the above-captioned lawsuit (or I, _____, counsel for _____), hereby acknowledge that I am about to receive Protected Documents and information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

      I certify my understanding that the Protected Documents and information are being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective

Page 11    STIPULATED PROTECTIVE ORDER

Order.  I hereby agree to be bound by the terms of the Protective Order.  I clearly understand that the Protected Documents and information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all materials containing Protected Documents and information, copies thereof, and notes that I have prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____

Printed Name:_____

Company Name/Address/Phone:

_____

_____

_____

_____