**William A. Birdwell, OSB #730298**
billbirdwell@dwt.com
**Robert D. Newell, OSB #790917**
bobnewell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:     (503) 241-2300
Facsimile:     (503) 778-5299

**Joseph A. Micallef,** (Appearing *pro hac vice)*
joseph.micallef@aporter.com
**Matthew N. Bathon,** (Appearing *pro hac vice*)
matthew.bathon@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| GARY ODOM<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>MICROSOFT CORPORATION<br><br>Defendant and Counterclaim Plaintiff. | Case No. 3:09-CV-230-MO<br><br>**SUR-REPLY OF DEFENDANT MICROSOFT CORPORATION TO ODOM'S EMERGENCY MOTION FOR EXTENSION** |

Plaintiff Gary Odom's ("Odom") reply brief in support of his motion for extension makes yet another motion – that the Court permit Odom alone to serve his opening expert reports ten days after Microsoft is required to do so. Since this is a brand new request of the Court, Microsoft respectfully requests the Court's permission to submit this opposition.

Odom has still not provided the Court with even an inkling as to why his lawyers should be permitted to withdraw. An imprudent contingency fee is not usually considered sufficient basis for leaving one's client on the courthouse steps. Should the Court deny the motion to withdraw, any need for an alteration of the schedule becomes moot. Indeed, the reply brief now indicates that Odom's counsel will not even *move* to withdraw until the end of November (although Odom's opening brief stated it would be filed "in the next few days"). Since Odom will be represented by counsel even beyond next week there is no reason to put off any imminent date on the Court's schedule.

Odom's request for an additional ten days suggests that he is not prepared to provide Microsoft his opening expert reports today as required by the Court's scheduling order.[1] Odom has therefore effectively granted his own motion even before it was filed and presented the Court with a *fait accompli*. That should not be allowed, particularly since Odom could have brought this motion almost four weeks ago.

The only basis in his papers for his apparent failure to have his experts (who were retained weeks ago) not prepare a report is the suggestion that unnamed lawyers who he seeks to hire will not represent him unless they can develop their own infringement theories. But fact discovery is closed, and Odom's responses to Microsoft's contention interrogatories directed to

---

[1] Microsoft intends to comply with the Court's scheduling order.

- 2 -

**SUR-REPLY OF DEFENDANT MICROSOFT CORPORATION TO ODOM'S EMERGENCY MOTION FOR EXTENSION**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13605054v1 0025936-000889

Odom's infringement theories were served months ago. The presumption that new lawyers would be permitted to enter the case at this late date and re-do the substantive discovery that has occurred is extraordinary, to say the least. In any event the Court's schedule should not be held hostage to the whims of unnamed counsel who have not even been retained, let alone entered an appearance.

Moreover, Odom's request for a ten-day extension for him to serve his reports – aside from being unfair in its one-sided nature – is simply another way to request the extension in his original motion. In addition, moving his opening report date by ten days would give Microsoft *only four days* to respond to those reports. Given that Odom completely refused to answer Microsoft's contention interrogatories on his damages theories, such a schedule would be enormously unfair. On the other hand if the Court extends all of the dates, expert depositions will necessarily be held between Christmas and New Year's, or later. And the rest of the schedule will necessarily have to be extended, leaving very little time to hear and consider dispositive motions and forcing Microsoft to expend resources preparing for a trial that may not be justified if summary judgment motions are briefed and heard on a reasonable schedule.

Delay of resolution of this case prejudices Microsoft in other ways as well, as a cloud exists over its products while this litigation is pending and while Odom continues to assert its allegations not only in this court but in public on his blog. *See, e.g.*, Odom's blog, where Odom states that Microsoft's case is an attempt "to enforce perpetual indentured servitude, a form of lifelong slavery." http://www.patenthawk.com/blog/2009/02/pyrrhic_victory.html.

- 3 -

**SUR-REPLY OF DEFENDANT MICROSOFT CORPORATION TO ODOM'S EMERGENCY MOTION FOR EXTENSION**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13605054v1 0025936-000889

In sum, Odom cannot claim he is in a difficult position through no fault of his own. It appears that even before Odom's motion was filed, his experts were instructed not to prepare their reports despite the Court's schedule. The fault thus lies solely with Odom, and the Court should treat Odom as it would any other litigant who ignored its orders.

Dated:  November 20, 2009

**DAVIS WRIGHT TREMAINE LLP**

William A. Birdwell, OSB #730298
billbirdwell@dwt.com
Robert D. Newell, OSB #790917
bobnewell@dwt.com
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299

*s/ Robert D. Newell*
ROBERT D. NEWELL, OSB #790917

**ARNOLD & PORTER LLP**

Joseph A. Micallef, (Appearing *pro hac vice)*
joseph.micallef@aporter.com
Matthew N. Bathon, (Appearing *pro hac vice*)
matthew.bathon@aporter.com
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corporation

- 4 -

**SUR-REPLY OF DEFENDANT MICROSOFT CORPORATION TO ODOM'S EMERGENCY MOTION FOR EXTENSION**