**William A. Birdwell, OSB #730298**
billbirdwell@dwt.com
**Robert D. Newell, OSB #790917**
bobnewell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299

**Joseph A. Micallef,** (Appearing *pro hac vice)*
joseph.micallef@aporter.com
**Matthew N. Bathon,** (Appearing *pro hac vice*)
matthew.bathon@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corporation

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| GARY ODOM<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>MICROSOFT CORPORATION<br><br>Defendant and Counterclaim Plaintiff. | Case No. 3:09-CV-230-MO<br><br>**OPPOSITION OF DEFENDANT MICROSOFT CORPORATION TO PLAINTIFF'S COUNSELS' MOTIONS TO WITHDRAW** |

Both Plaintiff's lead and local counsel have moved to withdraw from this case, though Plaintiff has not yet retained any substitute counsel. Defendant Microsoft Corporation ("Microsoft") respectfully opposes the motions to the extent they seek permission for counsel to withdraw before substitute counsel has entered an appearance.

As stated in recent filings with the Court, Microsoft's concern is that withdrawal before appearance of new counsel will adversely affect the schedule and the Court's ability to resolve this case in an efficient manner. That concern is not unfounded. Recently, Plaintiff moved to extend the Court's schedule by 60 days or, in the alternative, to permit Plaintiff to file its opening infringement and damages reports 10 days after required under the present schedule. The Court denied those requests. Nevertheless, Plaintiff served its opening infringement report five days late and, as of yet, has failed to serve any report directed to damages.[1] Plaintiff's compliance with the Court's Scheduling Order has therefore already proved itself to be a "sometime thing."

Permitting counsel to withdraw before substitute counsel enters an appearance would therefore likely put the Court's schedule at risk, as there is much to do in the coming weeks including the service of rebuttal expert reports (due this Friday, December 4, 2009), the completion of expert depositions (scheduled to be completed by December 23, 2009) and the filing of dispositive motions (due by January 8, 2010).

Further, the showing made in counsel's motion papers is *de minimis*. Lead counsel states only that "[t]he reason for the withdrawal is a disagreement between Gary Odom and counsel as to the appropriate course of action that should be taken in this case." Memorandum in Support of Motion to Withdraw (Dkt. No. 106). And local counsel states only that his "agreement with

---

[1] During a meet and confer, Plaintiff's counsel has represented that it intends to serve a damages report today or tomorrow, making the report ten (or eleven) days late. Plaintiff thus granted its own motion.

- 2 -

**OPPOSITION OF DEFENDANT MICROSOFT CORPORATION TO PLAINTIFF'S COUNSELS' MOTIONS TO WITHDRAW**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13620975v1 0025936-000889

the Goldstein firm was that Goldstein, and not Mr. Mansfield, would serve as lead counsel. Mr. Odom was familiar with and consented to this agreement. Mr. Mansfield and Schwabe, Williamson & Wyatt are unable and unwilling to replace the Goldstein firm as lead counsel." Memorandum in Support of Motion of Johnathan E. Mansfield for Leave to Withdraw as Local Counsel for Gary Odom (Dkt. No. 108).

Obviously, in such a motion counsel must be somewhat circumspect so as to protect client confidences. Nevertheless, where all counsel seek to withdraw the Court must weigh a number of factors, *see, e.g.*, Local Rule 83.11(a); *In re Ryan*, No. 08-6250-HO, 2008 WL 4775108, slip op. at *3 (D. Or. October 31, 2008), and it is incumbent on the counsel seeking to withdraw to show that those factors provide sufficient reason to permit withdraw. It is difficult, at best, to find the required showing in counsel's one-page filings. Microsoft therefore respectfully opposes the motions to withdraw, at least to the extent they seek permission for counsel to withdraw before substitute counsel has entered an appearance.

Dated: November 30, 2009

**DAVIS WRIGHT TREMAINE LLP**

 *s/ Robert D. Newell*
Robert D. Newell, OSB #790917
bobnewell@dwt.com
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299

**ARNOLD & PORTER LLP**
Joseph A. Micallef, (Appearing *pro hac vice)*
Matthew N. Bathon, (Appearing *pro hac vice*)
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000

Attorneys for Defendant Microsoft Corp.