**William A. Birdwell, OSB #730298**
billbirdwell@dwt.com
**Robert D. Newell, OSB #790917**
bobnewell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299

**Joseph A. Micallef,** (Appearing *pro hac vice)*
joseph.micallef@aporter.com
**Matthew N. Bathon,** (Appearing *pro hac vice*)
matthew.bathon@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| GARY ODOM<br><br>             Plaintiff and Counterclaim<br>             Defendant,<br><br>vs.<br><br>MICROSOFT CORPORATION<br><br>             Defendant and Counterclaim<br>             Plaintiff. | Case No. 3:09-CV-230-MO<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S EMERGENCY MOTION TO STRIKE ODOM'S OPENING EXPERT REPORT**<br><br>**ORAL ARGUMENT REQUESTED**<br>**EXPEDITED TELEPHONIC HEARING REQUESTED** |

MEMORANDUM IN SUPPORT OF DEFENDANT
MICROSOFT CORPORATION'S EMERGENCY MOTION
TO STRIKE ODOM'S OPENING EXPERT REPORT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13627518v1 0025936-000889

I.    **Introduction**

Defendant Microsoft Corporation ("Microsoft") files this memorandum in support of its Emergency Motion to Strike Odom's Opening Expert Report. Plaintiff Gary Odom ("Odom") served his infringement report, the Expert Report of Dr. Christopher Hundhausen (the "Hundhausen Report"), on Wednesday, November 25, 2009 – five days after the November 20, 2009 deadline set by the Court's Scheduling Order. Odom has also indicated that he intends to serve his opening damages report today – eleven days after it was required by the Court's Scheduling Order. Under the Court's Scheduling Order, Microsoft would be required to respond to these reports this Friday, December 4, 2009. That timetable provides Microsoft's experts insufficient time to respond, particularly to a damages report that has not yet been served.

These late filings come after Odom unsuccessfully moved the Court two weeks ago to extend the expert report deadlines. The Court denied that motion, (Dkt. No. 104), but Odom apparently viewed that denial as nothing more than an advisory opinion. Indeed, despite that denial, Odom's counsel indicated that he did not "yet believe [Odom's infringement report] was filed out of time as we expect further contact from the Court on the issue of our withdrawal and the schedule of future events." Bathon Decl., Ex. A (November 28, 2009 Email from E. Goldstein to J. Micallef).

The predicament created by Odom's failure to comply with the Court's Scheduling Order requires Microsoft to file this Emergency Motion and to respectfully request a telephonic hearing with the Court as soon as possible. The proper result of that hearing should be that any report filed by Odom after November 20, 2009 be stricken based on two independent grounds.

First and foremost, Odom's reports are simply late. His refusal to honor the Court's Scheduling Order even after his motion to extend was denied is inexcusable. Such contempt for the Court's orders should not be permitted.

- 2 -

MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT
CORPORATION'S EMERGENCY MOTION TO STRIKE
ODOM'S OPENING EXPERT REPORT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13627518v1 0025936-000889

Second, the substance of the infringement report itself ignores the Court's *Markman* Order. In particular, during the *Markman* process the Court construed the claim phrase "tool group" to mean "the set of tools between group dividers, or between one end of a toolbar and a group divider." (Dkt. No. 90.) Odom objected to this interpretation and later filed a motion for reconsideration of that interpretation, demanding that the Court change it. (Dkt. No. 91.) The Court denied that reconsideration motion on November 10, 2009. (Dkt. No. 97.) Despite that denial, Odom's expert never even mentions the Court's interpretation of "tool group" in his report and instead compares the accused technology to his own interpretation in order to find infringement. It is well-settled, however, that expert testimony applying a claim interpretation different from that adopted by the Court is properly excluded. *See, e.g.*, *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006). Since the infringement expert has based his infringement opinion on a clearly improper and inadmissible basis, that opinion and that of any damages expert relying on it should be stricken.

**II.     Background**

    A.     Schedule

The Court's scheduling order required the parties to serve opening expert reports for which that party bears the burden of proof by November 20, 2009. (Dkt. No. 95.) For Odom, that would include a report directed to infringement and one to damages. Just two days prior to that deadline, Odom filed an Emergency Motion for Extension seeking a 60-day extension of the expert reports and dispositive motion deadlines. (Dkt. No. 99.) On November 20 – the date by which opening expert reports were due – Odom filed a Reply to Microsoft's Opposition, in which he alternatively asked the Court to grant Odom alone a ten day extension to serve his expert reports. (Dkt. No. 102.) Odom did not serve any expert reports as required by the Court's

- 3 -

MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT
CORPORATION'S EMERGENCY MOTION TO STRIKE
ODOM'S OPENING EXPERT REPORT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13627518v1 0025936-000889

scheduling order on November 20, 2009.[1]  On Monday, November 23, 2009, the Court denied Odom's emergency motion for an extension of time. (Dkt. No. 104).

On November 25, 2009 – the day before Thanksgiving – Odom served the Hundhausen report, which is directed to the alleged infringement by Microsoft software.  Microsoft asked that Odom withdraw that report the following weekend, or in the alternative agree to a meet and confer.  Bathon Decl., Ex. A (Nov. 28, 2009 Email from E. Goldstein to J. Micallef).  During the course of the meet and confer the following Monday, Odom's counsel indicated that he did not believe the Hundhausen report was late because he thought the Court would be issuing another order.  He wrote: "I don't yet believe it was filed out of time as we expect further contact from the Court on the issue of our withdrawal and the schedule of future events."  *Id.*  During a subsequent phone call, Odom's counsel also indicated that Odom would be serving a damages report either November 30 or December 1, 2009.[2]

B.   Claim Construction

On September 21, 2009, the Court construed certain claim terms of the asserted patents. (Dkt. No. 90.)  Among the terms construed, the Court adopted the following definition for the claim phrase "tool group":  "the set of tools between group dividers, or between one end of a toolbar and a group divider."  *Id.*  Odom had objected to that construction, even though it was based on the definition he included in his patent and argued to the Board of Patent Appeals and Interferences during the prosecution of the applications underlying the patent-in-suit.  (*See* Dkt.

---

[1] Microsoft timely served its Invalidity Expert Report and Declaration of James A. Larson, Ph.D. re U.S. Patent 7,363,592 on November 20, 2009.

[2] At the time of this writing, no damages report has been served.

No. 89.) He also filed a motion for reconsideration, asking the Court to change that construction. (Dkt. No. 91.) The Court denied that motion on November 9, 2009. (Dkt. No. 97.)

Neither the Court's *Markman* Order nor its Order denying reconsideration deterred Odom or his expert. They simply ignored them. In his report Dr. Hundhausen does not even quote, much less apply, the Court's definition of "tool group" to the accused Microsoft technology. Bathon Decl., Ex. B (Hundhausen Report) ¶¶ 33-34. Instead, he compares the accused technology to what he calls the "visual properties of a 'tool group'" which are supposedly "defined" in the patent:

> Lines 8-16 of claim 8 of the '592 patent define the following visual properties of a "tool group":
>
> (a)   a tool group comprises "at least one user-selectable tool,"
>
> (b)   a tool group "is designated by "at least one user-manipulatable divider located near at least one end of [a] tool group," such that
>
> (c)   "the tool group divider is visually distinct from [tools in the tool group] and from any visible means for directly manipulating [the] toolbar in its entirety."

*Id.* ¶ 33 (brackets in original). Dr. Hundhausen then compares his "visual properties" definition of "tool group" to the accused technology and concludes that the claimed "tool group" element of the claim is satisfied:

> I believe that what Microsoft calls a "group" clearly possesses visual properties (a) through (c) of a "tool group," as defined by the '592 patent, and as construed by the Court.

*Id.* ¶ 34.

Notably, the expert report also includes brand new theories of infringement never provided by Odom during fact discovery. For example, the asserted claims require, among other things, the step of "altering the condition of at least one tool group on said toolbar based upon

- 5 -

said tracked user indications." In paragraph 41 of the report Dr. Hundhausen speculates that there "must be" a flag somewhere in the accused software that satisfies the "altering the condition" element of the claims, and that therefore Microsoft "must" infringe:

> [I]n the computer code associated with the state of the "group," a Boolean condition flag associated with the group **must be maintained** to keep track of whether the advanced functionality associated with the "group" is visible or invisible. One of skill in the art knows that, each time a user clicks on the associated "dialog box launcher," a Boolean flag **must be flipped** in program code, thus altering an aspect of the internal condition of the group as it is manifested in computer code. Thus, in the implementation of "dialog box launchers" as manifested in The Ribbon, claim 8 **must be infringed**.

*Id.* ¶ 41 (emphasis added). No evidence for this proposition is cited in the report. But more to the point here, Odom never even hinted at such a theory during fact discovery. For example, while this case was pending in the Eastern District of Texas, Odom was required by the local rules of that court to serve his infringement contentions on Microsoft. E.D. Tex. P.R. 3-1. Those contentions say nothing of this theory that merely setting a flag somewhere in the software could satisfy the "altering the condition" step of the claims. Bathon Decl., Ex. C (Odom's Disclosure of Asserted Claims and Infringement Contentions, Dec. 5, 2008). Further, by letter Microsoft asked Odom to update his infringement contentions on October 19, 2009. Bathon Decl., Ex. D (Oct. 19, 2009 Letter from J. Micallef to C. Vowell). Odom never responded, and certainly never updated his contentions.

Indeed, just a few weeks ago Odom was questioned during his deposition about this very portion of the asserted claims. His answer says nothing about this "flag-setting" theory and appears to contradict it:

> Q   Tell me what satisfies the altering the condition step in the claim.

MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT
CORPORATION'S EMERGENCY MOTION TO STRIKE
ODOM'S OPENING EXPERT REPORT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

> A   Showing more tools for that tool group.
>
> Q   So if a dialogue box were to pop up when that function button was pressed but there were no more tools for that tool group in it, that would not satisfy the claim?
>
> A   I would agree with that.

Bathon Decl., Ex. E (Odom Dep. 374:3-10, Nov. 12, 2009). Odom thus gave no hint during fact discovery about this new theory despite being required to do so by local rule and asked specifically about it.

Odom's refusal to provide discovery into his case extends beyond infringement. For example, Microsoft served an interrogatory on Odom on April 6, 2009 asking that he provide his damages theories. Odom objected and responded only that he was entitled to damages under the relevant statute. Bathon Decl., Ex. F (Odom's Responses to Microsoft's First Set of Interrogatories, May 11, 2009) at 6. No hint of what damages he will demand or on what basis that demand will rest is provided. Thus, when Odom serves his damages report today – or whenever it might be served – Microsoft will see for the first time what it will be required to defend against.

**III.   Argument**

    A.   <u>The Hundhausen Report Was Not Timely Served</u>

Odom's infringement report, and his damages report if he serves it, is clearly in violation of the Court's Scheduling Order. The reports were due on November 20, 2009. Odom simply ignored that deadline and has never provided a sufficient basis for doing so. Nor can he now, since he has already placed his request to extend the schedule before the Court and that request was rejected.

This is not a case where a litigant has filed a late report due to the emergence of new information or because of some "snafu". Odom admits that he knew his counsel wanted to

- 7 -

MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT
CORPORATION'S EMERGENCY MOTION TO STRIKE
ODOM'S OPENING EXPERT REPORT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

DWT 13627518v1 0025936-000889

withdraw in late October;[3] he retained his experts at least several weeks before the reports were due[4] and he was clearly focused on the due date for expert reports while his motion to extend was being prepared. In effect, Odom has simply granted his own motion for an extension after the Court denied it, giving himself even more time to prepare his damages report (eleven days and counting) than he asked for in his reply brief in support of his motion (ten days).

There is no excuse for this behavior, and there is real prejudice to Microsoft. Even aside from the fact that Odom's infringement expert was permitted to analyze Microsoft's invalidity theories for five days while he drafted his report, Odom's gamesmanship means that Microsoft's experts have only limited time to prepare their rebuttals. This is particularly so with respect to Odom's damages theories, since he has utterly refused to provide any discovery into them to date and has at the time of this writing not yet served a report.

Indeed, Odom's refusal to provide adequate discovery into his theories before expert reports were due also precluded Microsoft from raising issues at the *Markman* hearing. If Microsoft had known that Odom would assert that "altering the condition of at least one tool group on said toolbar" could cover nothing more than the setting of a flag somewhere deep in the software, Microsoft would likely have argued for a different interpretation of that claim language. A patent claim is not "like a nose of wax, which may be turned and twisted in any direction," *White v. Dunbar*, 119 U.S. 47, 51 (1886), and this new theory is so distant from anything disclosed in the specification that the claim cannot plausibly embrace it.

---

[3] (Dkt. No. 102 at 2.)

[4] They were disclosed to Microsoft under the Protective Order on November 4, 2009.

- 8 -

MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT
CORPORATION'S EMERGENCY MOTION TO STRIKE
ODOM'S OPENING EXPERT REPORT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13627518v1 0025936-000889

Accordingly, based on all of the above, Microsoft respectfully requests that any report served by Odom after November 20, 2009 and without prior permission from the Court be stricken.

### B. The Hundhausen Report Fails to Apply the Court's Claim Constructions

As the Court is well aware, Odom strongly disagrees with the Court's construction of "tool group," having objected to that construction at the *Markman* hearing and even having moved the Court to reconsider its construction of that term. (*See* Dkt. No. 91.) The Court's denial of that reconsideration motion seems not to have registered, as Odom's infringement expert explicitly ignores that construction and adopts his own in his report.

Expert testimony applying a claim interpretation different from that of the Court's is simply not admissible. "Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). Indeed, the use of any construction of a claim term different from that adopted by the Court – even one that relies on the patent specification, is properly excluded. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006). Since Dr. Hundhausen did not rely on the Court's construction of "tool group" in forming his opinions on infringement and has instead added his "visual properties of a tool group" theory, his report should be stricken on that basis as well.[5]

---

[5] And it is no answer that the expert alludes to the Court's construction. *See, e.g.*, Bathon Decl., Ex. B (Hundhausen Report) ¶ 34 ("I believe that what Microsoft calls a 'group' clearly possesses visual properties (a) through (c) of a 'tool group,' as defined by the '592 patent, ***and as construed by the Court***." (emphasis added)). The Court did not construe the phrase "tool group" with respect to "visual properties (a) through (c)" and nowhere in the report does the expert compare the accused technology to the actual interpretation adopted by the Court.

- 9 -

## IV. Conclusion

For the reasons set forth above, Microsoft respectfully moves the Court to strike the Expert Report of Dr. Christopher Hundhausen.  Microsoft further moves for an order striking any report served by Odom after November 20, 2009 and without prior permission.  Microsoft respectfully requests an expedited telephonic hearing on its motion.

Dated:  December 1, 2009

**DAVIS WRIGHT TREMAINE LLP**

*s/ Robert D. Newell*
Robert D. Newell, OSB #790917
bobnewell@dwt.com
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:     (503) 241-2300
Facsimile:     (503) 778-5299

**ARNOLD & PORTER LLP**
Joseph A. Micallef, (Appearing *pro hac vice)*
joseph.micallef@aporter.com
Matthew N. Bathon, (Appearing *pro hac vice*)
matthew.bathon@aporter.com
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corp.

- 10 -

MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT
CORPORATION'S EMERGENCY MOTION TO STRIKE
ODOM'S OPENING EXPERT REPORT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 13627518v1 0025936-000889