

**Davis Wright Tremaine LLP**

Suite 2300
1300 SW Fifth Avenue
Portland, OR 97201-5630

Robert D. Newell
503.778.5234 tel
503.778.5299 fax

bobnewell@dwt.com

FILED'10 FEB 05 15:01 USDC-ORP

January 29, 2010

**By email: dawn_stephens@ord.uscourts.gov**

Hon. Michael W. Mosman
U.S. District Court
1000 SW 3rd Avenue, Suite 1615
Portland, OR 97204

    Re:    **Odom vs. Microsoft Corporation**
             **USDC Case No. CV 09-230-MO**

Your Honor:

Microsoft submits this letter in response to Plaintiff Gary Odom's January 27, 2010 letter in which he asked the Court to dismiss his case without prejudice. We submit our positions in letter form in view of the Court's recent instruction to do so during the last teleconference with the parties. If the Court would prefer that we present our arguments in a more formal submission, please let us know.

Microsoft objects to dismissal of this case without prejudice. This case was brought in August of 2008. Fact discovery is complete, the Court has construed the asserted claims of the patent-in-suit, and the parties are almost ready to begin briefing summary judgment. While it is unfortunate that Mr. Odom is no longer represented by counsel, the fact is that *he* – not his counsel – instituted this lawsuit. It is his responsibility to move the case to resolution. As we have stated in prior filings, we do not believe Microsoft infringes the asserted patent, and we believe the patent to be plainly invalid. We seek an opportunity to demonstrate those facts and clear the cloud that Mr. Odom's allegations have created over Microsoft's accused software.

That cloud should not be underestimated. Patent suits almost always put the accused products under a cloud because they raise the possibility in customers' minds that products will not be available in the future or will only be available at a higher cost. Suits against Microsoft may tend to get a bit more publicity than suits against other parties, but here Mr. Odom has only made the problem worse. He has, for example, sued Microsoft's licensees (*i.e.*, the defendants in the two other patent cases he has brought have licensed the accused Ribbon from Microsoft). He has also posted numerous statements on his blog about this case, many of which are simply indefensible (asserting, for example, that by defending against this case Microsoft seeks to enforce "slavery"). Moreover, Microsoft is continuously innovating and continually releasing

DWT 13886433v1 0025936-000889

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

100% ♻

www.dwt.com

new and updated software. Indeed, the next version of the accused Office software is scheduled to be released this summer. Dismissal without prejudice would leave uncertainty as to whether Microsoft's new software that includes the accused Ribbon will also be the subject of a suit for patent infringement by Mr. Odom.

Dismissal of Mr. Odom's allegations would in any event still leave the matter of Microsoft's counter-claims, seeking a declaratory judgment of non-infringement and invalidity. We recognize that jurisdiction over such claims is discretionary. That discretion is not unlimited, however, and we respectfully suggest that dismissal of Microsoft's claims would be an abuse of discretion. As the Ninth Circuit stated some time ago:

> The purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim.

*McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966), quoting *Shell Oil Co. v. Rusetta*, 290 F.2d 689, 691-692 (9th Cir. 1961). Mr. Odom's allegations have already created uncertainty, both for Microsoft and its licensees, relating both to presently available software and to future software. Dismissal of Microsoft's declaratory counter-claims now would only prolong that uncertainty, undercutting the very purpose underlying the Declaratory Judgment Act.

If the Court is inclined to dismiss this action, however, Microsoft respectfully requests that it be dismissed *with* prejudice. The Court's claim construction ruling, based in large part on Odom's own statements to the Patent Office, has made it impossible for Mr. Odom to prove that Microsoft infringes the patent-in-suit. In fact the claim construction was so damaging to Mr. Odom's case that he felt compelled to move the Court, unsuccessfully, for reconsideration. (D.I. 91). The Court's ruling undoubtedly influenced Odom's counsels' decision to withdraw from the case and also likely prevented any other lawyers from accepting Odom's case. As the Court is well aware, claim construction is frequently dispositive in patent cases, *see ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 540 (Fed. Cir. 1998), just as it will be in this case. Where a party seeks dismissal at an advanced stage of the litigation in order to avoid an adverse ruling on the merits, dismissal with prejudice is appropriate. *See Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 Fed. App. 664, 665 (9th Cir. 2008) (citing *Terrovona v. Kincheloe*, 852 F.2d 424, 429-30 (9th Cir. 1988)); *see also Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp.2d 645 (M.D. Pa. 2008) (concluding that dismissal with prejudice was appropriate in part because significant discovery was complete and plaintiff sought to avoid adverse effect of

January 29, 2010
Page 3

Court's claim construction ruling). Accordingly, if Mr. Odom's case is dismissed, it should be with prejudice.

Should the Court grant Odom's motion to dismiss without prejudice, then Microsoft respectfully requests that the dismissal be granted subject to certain conditions regarding any attempt to re-litigate this same case again. Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 41(a)(2) provides that a court may condition an order of dismissal without prejudice upon "terms that the court considers proper." Here, the Court should require that if Mr. Odom or another entity sues Microsoft on the patent-in-suit or any related patent in the future, then the case must be brought in this Court. A dismissal based on Mr. Odom's inability to retain counsel should not be used as a license to forum shop in the hope of obtaining a better *Markman* decision through a "re-do" before a different judge.

The Court should also rule as a condition for dismissal that all proceedings in this case up to the date of dismissal automatically become proceedings in any future case brought on the patent-in-suit or any related patents. It may be that *additional Markman* proceedings would be required in a future suit, but that does not mean that the work of the Court and the parties in this case so far should go completely to waste.

Microsoft also asks that in any future suit on the patent-in-suit or any related patent that Mr. Odom be precluded from seeking injunctive relief or any enhanced remedy for alleged willfulness. Microsoft is ready to resolve this dispute now, and the case is in condition for that resolution. Mr. Odom should not be heard later to demand extraordinary relief such as an injunction or punitive damages after he successfully asks the Court now to permit him to walk away from and delay indefinitely a remedy for his alleged harm.

Finally, Microsoft respectfully requests that, in return for dismissing the case without prejudice, the Court should *conditionally* award Microsoft its costs in this action, payable by Mr. Odom only if the patent-in-suit or a related patent is asserted against Microsoft in the future. Such terms are clearly proper, as other courts have entered similar conditions when dismissing cases without prejudice. *See, e.g., Design Trend Int'l Interiors, Ltd. v. Huang*, No. CV-06-1987-PHX-LOA, 2007 WL 2683790, at *5 (D. Ariz. Sept. 7, 2007). Indeed, Fed.R.Civ.P. 41(d) is directed to exactly this result.

Imposing these conditions will allow Odom to end his case as he wishes but will also offer some reasonable protection for Microsoft.

One last note. Mr. Odom's letter seeks dismissal with regard to only two of the three suits he has brought in this Court on the patent-in-suit. The third suit, Civil Action No. 09-CV-206-MO, is

January 29, 2010
Page 4

for some reason not mentioned. Microsoft is not a party to either of the other suits, but respectfully suggests that the considerations set out above should apply to all three.

Very truly yours,

Davis Wright Tremaine LLP

Robert D. Newell

cc: Gary Odom (by email)
Joseph Micallef
Matthew Bathon