**Robert D. Newell, OSB #790917**
bobnewell@dwt.com
**William A. Birdwell, OSB #730298**
billbirdwell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:     (503) 241-2300
Facsimile:     (503) 778-5299


**Joseph A. Micallef,** (Appearing *pro hac vice*)
joseph.micallef@aporter.com
**Matthew N. Bathon,** (Appearing *pro hac vice*)
matthew.bathon@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999


Attorneys for Defendant Microsoft Corporation

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| GARY ODOM<br><br>       Plaintiff and Counterclaim<br>       Defendant,<br><br>vs.<br><br>MICROSOFT CORPORATION<br><br>       Defendant and Counterclaim<br>       Plaintiff. | Case No. 3:09-CV-230-MO<br><br><br>**SUBMISSION OF MICROSOFT CORPORATION IN RESPONSE TO THE COURT'S REQUEST FOR ITS POSITION CONCERNING PENDING COUNTER-CLAIMS** |

**SUBMISSION OF MICROSOFT CORPORATION IN RESPONSE TO THE COURT'S REQUEST FOR ITS POSITION CONCERNING PENDING COUNTER-CLAIMS**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14180451v1 0025936-000889

By email from the Court's clerk we understand that the Court will hear argument on Plaintiff Gary Odom's ("Odom") motion to dismiss his complaint on Thursday, March 11, 2010 and that the Court desires to know the parties' position as to the possible dismissal of Defendant Microsoft Corporation's ("Microsoft") pending counterclaims for a declaratory judgment of non-infringement and invalidity.

It is Microsoft's position that the Court does not on the present record have discretion to dismiss Microsoft's counter-claims over Microsoft's objection. Since Odom has formally charged Microsoft with infringement, declaratory judgment jurisdiction exists over Microsoft's counter-claims and even resolution of Odom's infringement claims would not deprive this Court of that jurisdiction. *Cf. Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993)("If, in addition to that desire, a party has actually been charged with infringement of the patent, there is, *necessarily*, a case or controversy adequate to support jurisdiction of a complaint, or a counterclaim, under the Act.").

And though declaratory judgment jurisdiction is discretionary, such discretion is not unlimited and instead must be "exercised in accordance with sound judicial principles and the purposes of the Declaratory Judgment Act."

> The purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim.

*McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966), quoting *Shell Oil Co. v. Rusetta*, 290 F.2d 689, 691-692 (9th Cir. 1961). In *McGraw-Edison*, the Ninth Circuit summarized "[t]he bases for refusing declaratory relief":

> It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose * * * or would not finally determine the rights of the parties * * * or where it is being sought merely to determine issues which are involved in a case already pending and can

- 2 -

**SUBMISSION OF MICROSOFT CORPORATION IN RESPONSE TO THE COURT'S REQUEST FOR ITS POSITION CONCERNING PENDING COUNTER-CLAIMS**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14180451v1 0025936-000889

> be properly disposed of therein * * * especially if the issue is one
> involving a novel question of state law * * * or is, for any other reason,
> one that can better be adjudicated in another court * * *. Nor should
> declaratory relief be granted where it would result in piecemeal trials of
> the various controversies presented or in the trial of a particular issue
> without resolving the entire controversy * * *.'

*McGraw-Edison*, 362 F.2d at 342-343, quoting *Yellow Cab. Co. v. City of Chicago*, 186 F.2d

946, 950-951 (7th Cir. 1957).

These same standards are reflected in the decisions of the Federal Circuit which, for

example, has held that even where the patentee's complaint is dismissed and only a tenuous

possibility of liability is left open, it is error for a district court to dismiss the defendant's

declaratory judgment counter-claims.  *See Fina Research, S.A. v. Baroid Limited*, 141 F.3d 1479

(Fed.Cir. 1998)(error to dismiss counterclaims even where defendant could only theoretically be

held liable for induced infringement and no evidence of direct infringement existed).

Indeed, to the best of Microsoft's knowledge, the only modern patent cases in which a

district court has properly dismissed declaratory judgment counter-claims are where the issues

raised by the counter-claims are actively being litigated in a separate case, *see, e.g.*, *Walter

Kiddee Portable Equipment, Inc. v. Universal Security Instruments, Inc.*, 479 F.3d 1330

(Fed.Cir. 2007); *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378 (Fed.Cir. 2002),[1]

or where the dispute raised by the counter-claims are finally resolved, such as where a patentee

has provided an express covenant not to sue of sufficient scope to preclude liability for the

---

[1] In *Walter Kiddee* the court suggests that it may have been error for the district to dismiss patent
declaratory judgment counter-claims, though it found that such an error would have been
harmless since those same counter-claims were being concurrently litigated in a related case.
*See* 479 F.3d at 1340-41.

- 3 -

**SUBMISSION OF MICROSOFT CORPORATION IN RESPONSE TO
THE COURT'S REQUEST FOR ITS POSITION CONCERNING
PENDING COUNTER-CLAIMS**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

activity at issue, *see, e.g.*, *Super Sack Mfg Corp. v. Chase Packaging Corp.*, 57 F.3d 1054

(Fed.Cir. 1995); *Spectronics Corp. v. H.B. Fuller Co. et al*, 940 F.2d 631 (Fed.Cir. 1991).[2]

The present case is very different from those cases in which a district court properly

dismissed patent counter-claims. Here, Odom has not provided Microsoft a covenant not to sue

and the issues raised by Microsoft's counter-claims are not being litigated elsewhere. Quite the

contrary, Odom seeks a dismissal only so that he can find some other lawyer to bring another suit

against Microsoft on the same allegations that are the subject of Microsoft's counter-claims. The

controversy is therefore very much alive and actual, and not included in any other suit.

Moreover, Odom has created exactly the kind of uncertainty for which the Declaratory

Judgment Act was intended to provide a remedy, not only by suing Microsoft but by suing

dozens of other parties who have licensed the accused Microsoft technology. Indeed, if the

Court were to dismiss Microsoft's counter-claims there would be nothing to stop Odom from

pursuing Microsoft customers, alleging infringement by their use or sale of the very same

accused Microsoft technology at issue here, and raising the exact same issues sought to be

litigated by Microsoft's counter-claims. Permitting such a result by dismissal of Microsoft's

counter-claims would the turn the Declaratory Judgment Act on its head. *See Arrowhead*

*Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed.Cir. 1988)(noting that the

Declaratory Judgment Act was intended to prevent "scare-the-customer-and-run tactics" by

patentees). Accordingly, Microsoft submits that the Court does not on the present record have

discretion to dismiss Microsoft's counter-claims over Microsoft's objection.

---

[2] Indeed, this line of cases may be of questionable validity after the Supreme Court's more recent decision in *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), which overruled as too strict the jurisdictional standard applied by the Federal Circuit to declaratory judgment litigation.

- 4 -

**SUBMISSION OF MICROSOFT CORPORATION IN RESPONSE TO THE COURT'S REQUEST FOR ITS POSITION CONCERNING PENDING COUNTER-CLAIMS**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon 97201 · (503) 241-2300

And Microsoft respectfully objects to any such dismissal.  As we have noted in prior briefing, Odom's lawsuits have created a cloud over the accused technology, and have also raised the specter of Odom pursing Microsoft customers based on the same allegations of infringement, perhaps even in other courts.  There is no question that if the Court dismisses this entire action without prejudice Odom will seek to file another suit based on the same allegation at issue here.  Odom has plainly stated that is his intention.  In view of that intention, and of the market issues raised, Microsoft respectfully objects to a dismissal of its counter-claims.


Dated:  March 8, 2010

**DAVIS WRIGHT TREMAINE LLP**

By:   *s/Robert D. Newell*
Robert D. Newell, OSB #790917
bobnewell@dwt.com
William A. Birdwell, OSB #730298
billbirdwell@dwt.com
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:     (503) 778-5299


**ARNOLD & PORTER LLP**
Joseph A. Micallef, (Appearing *pro hac vice*)
joseph.micallef@aporter.com
Matthew N. Bathon, (Appearing *pro hac vice*)
matthew.bathon@aporter.com
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999


Attorneys for Defendant Microsoft
Corporation


- 5 -

SUBMISSION OF MICROSOFT CORPORATION IN RESPONSE TO
THE COURT'S REQUEST FOR ITS POSITION CONCERNING
PENDING COUNTER-CLAIMS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14180451v1 0025936-000889