**William A. Birdwell, OSB #730298**
billbirdwell@dwt.com
**Robert D. Newell, OSB #790917**
bobnewell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:     (503) 241-2300
Facsimile:     (503) 778-5299

**Joseph A. Micallef,** (Appearing *pro hac vice)*
joseph.micallef@aporter.com
**Matthew N. Bathon,** (Appearing *pro hac vice*)
matthew.bathon@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corporation

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| GARY ODOM<br><br>          Plaintiff and Counterclaim<br>          Defendant,<br><br>vs.<br><br>MICROSOFT CORPORATION<br><br>          Defendant and Counterclaim<br>          Plaintiff. | Case No. 3:09-CV-230-MO<br><br>**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF GARY ODOM'S MOTION TO STAY** |

I.      INTRODUCTION

On March 12, 2010, the day after this Court refused to dismiss the counterclaims of Defendant Microsoft Corporation ("Microsoft") against Plaintiff Gary Odom ("Odom"), Odom moved the Court to stay this case in view of an *inter partes* reexamination of the patent-in-suit that had been instituted over four months ago. In his letter brief to the Court requesting the stay, Odom suggests that he would have made his motion earlier if he had known that a patentee could obtain a stay based on an *inter partes* reexamination. Odom states that he was first informed about the possibility of such a stay only in the afternoon of March 11, 2010, just *after* the Court's hearing on his motion to dismiss, and before that moment he "had never heard of such a thing":

> ***Discussing my pro se predicament yesterday afternoon, one of my friends, a patent attorney, vaguely recalled that a patent holder may obtain a litigation stay pending the outcome of an inter partes reexamination.*** …
>
> Having no experience with reexaminations until recently, ***I had never heard of such a thing.*** Among their many failings, my erstwhile attorneys never mentioned it. My friend wasn't even sure of the statute. Reexaminations are a niche in patent practice, and *inter partes* reexaminations, relatively new, and a rarity, particularly so.

Odom Letter Motion to Stay, dated March 12, 2010 at 1 (emphasis added).

As the Court may recall, Odom operates a website, www.patenthawk.com, in conjunction with his prior art consulting business and frequently publishes his own articles on the site under the pseudonym "Patent Hawk." The articles are invariably related to patents or patent litigation (including the present one), and often include discussion of written opinions in patent cases issued by various courts. In view of that history, one might be surprised to learn that Odom "had never heard of such a thing" as a litigation stay during reexamination before March 11, 2010.

A somewhat different emotion would obtain if one actually visited Odom's website and searched through his articles. Posted more than a full year ago, his March 8, 2009 article, for

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF GARY ODOM'S MOTION TO STAY**

example, is entitled "Reexamination" and states that the filing of a motion to stay based on a reexamination is often part of a "'gum-the-works' stratagem":

> For a defendant in serious denial, and not wishing to put the matter in the past anytime soon, ***there is the "gum-the-works" stratagem of filing a reexam, and then petitioning the court for a stay.*** Courts have been repeatedly suckered by the "expedited procedure" mirage, and have granted stay of litigation pending reexam. Getting a stay typically only works early on, before discovery. Once the litigation train leaves the station and the process gets underway, getting a stay granted becomes increasingly problematic for a defendant.

Declaration of Joseph A. Micallef in Support of Defendant Microsoft Corporation's Opposition to Plaintiff Gary Odom's Motion to Stay ("Micallef Decl."), Ex. A. Odom's further statement that "[c]ourts have been repeatedly suckered by the 'expedited procedure' mirage," while cynical, also suggests a familiarity with the procedure.

Other articles confirm as much. In his February 26, 2009 article, entitled "Delay," Odom notes that a stay motion after institution of a reexamination can be used to delay the inevitable: "So the new dance, mid-grief, is to seek reexamination early. File for a stay, delay trial with hope that the delay changes what otherwise seems inevitable to evitable." Micallef Decl., Ex. B. Odom's view of litigation in the Federal Courts as just another game is clearly on display here, but so is the suggestion that he has seen this all before and that he has studied the practice of obtaining a stay based on a reexamination.

And in his May 10, 2009 article, published several weeks before Microsoft filed its reexamination petition and entitled "Stayed," Odom discusses a case in which a stay was granted in view of an *inter partes* reexamination and even quotes a portion of the stay order which analyzes 35 U.S.C. § 318, the very statute on which Odom now bases his request for a stay:

- 3 -

> Pursuant to 35 U.S.C. § 318 (Section 318), "[o]nce an order for inter partes reexamination of a patent has been issued . . . the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice." 35 U.S.C. § 318.

Micallef Decl., Ex. C.

Odom's assertion that he "had never heard of such a thing" as a stay during reexamination is not believable. He was well aware of Section 318 and the possibility of a stay long before the March 11, 2010 hearing and even before Microsoft filed its reexamination petition, despite his explicit statements otherwise. His latest motion is just one more attempt to "gum-the-works" and delay the inevitable.

That attempt should be rejected because staying this case now would not serve the interests of justice. Odom continues to assert that not only Microsoft but also its licensees infringe his patent and, despite the Court's dismissal of Odom's claims without prejudice, has refused to withdraw his claim for compensatory damages, his request for an injunction, or even his demand for punitive damages. It would be unfair to allow Odom to keep a cloud over Microsoft's products and continue to assert that he deserves damages on Microsoft's sales while at the same time delaying resolution.

In any event, the reexamination may not even finally resolve this dispute. The *inter partes* reexamination is directed only to claims 8, 10, and 14 of the patent-in-suit, and the PTO expressly refused to consider some of Microsoft's prior art because it believed it lacked statutory authority to do so in an *inter partes* reexamination proceeding. Thus, even after the reexamination, the Court may need to resolve issues of validity and infringement anyway.

Finally, Microsoft is simply being harassed by Odom. We have in the past provided the Court with samples of Odom's web site and of his outrageous statements about Microsoft and

- 4 -

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF GARY ODOM'S MOTION TO STAY**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14333600v1 0025936-000889

this case. More recently – just yesterday in fact – Odom approached one of Microsoft's potential fact witnesses in this case and threatened to sue him for his involvement in this litigation. Staying the case now will permit Odom to continue this behavior unabated and may even encourage it. This baseless litigation has gone on long enough. Microsoft respectfully opposes Odom's motion for a stay and asks the Court to maintain the present case schedule.

## II.  PROCEDURAL POSTURE OF THE CASE

Odom filed his complaint against Microsoft on August 18, 2008 in the District Court for the Eastern District of Texas. The case was transferred to this Court on February 25, 2009. This Court held a claim construction hearing on September 21, 2009. (D.I. 90). The parties completed fact discovery on November 13, 2009, (D.I. 95), and Microsoft served its technical expert report regarding invalidity of the asserted claims on November 20, 2009.

On January 27, 2010 Odom moved to dismiss the case without prejudice, (D.I. 119), which Microsoft opposed, (D.I. 120). At a hearing on March 11, 2010, the Court stated that it would not dismiss Microsoft's pending counterclaims for declarations of non-infringement and invalidity and set a case schedule by which Microsoft would submit rebuttal expert reports by March 18, 2010 and file dispositive motions by April 1, 2010. (D.I. 132). Further scheduling dates relating to dispositive motions were also ordered, though no trial date was set. *See id.* On March 12, 2010 the Court issued a minute Order dismissing Odom's claims without prejudice, but leaving Microsoft's counterclaims undisturbed. (D.I. 134).

Microsoft filed its petition for reexamination of the patent-in-suit on July 31, 2009, and that PTO formally instituted the proceedings in an order issued October 29, 2009. Micallef Decl., Ex. D.

- 5 -

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF GARY ODOM'S MOTION TO STAY**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

On March 12, 2010, citing 35 U.S.C. § 318, Odom moved the Court to stay all proceedings in this case in view of the *inter partes* reexamination of the patent-in-suit.

### III.  ARGUMENT

Section 318 of Title 35 states that a patent owner "***may*** obtain a stay" of pending litigation in view of a pending *inter partes* reexamination.  (Emphasis added).  While a court has inherent power to control litigation before it and the authority to issue a stay under Section 318, a court "is not required to stay judicial resolution in view of the reexamination[]." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, No. 07-CV-309-L(AJB), 2010 WL 669733, at *2 (S.D. Cal. Feb. 22, 2010) (quoting *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).  Put simply, Section 318 does not require a district court to automatically stay court proceedings when the PTO initiates an *inter partes* reexamination of a patent.  *Synthes*, 2010 WL 669733, at *2; *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman, J., concurring).

The decision whether or not to grant a stay is within the discretion of the district court and must be based on what the court deems will best serve the "interests of justice." 35 U.S.C. § 318.  When considering whether to stay patent infringement litigation pending reexamination, courts consider a number of factors, including "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Synthes*, 2010 WL 669733, at *2 (quoting *Equipements de Transformation IMAC v. Anheuser-Busch Co., Inc.*, 559 F. Supp.2d 809, 815 (E.D. Mich. 2008).

Staying this case would unduly prejudice Microsoft and provide Odom a clear tactical advantage.  While the Court has now dismissed Odom's claim that Microsoft infringes the asserted claims of the '592 Patent, that dismissal was without prejudice, (D.I. 134), so Odom may bring those claims again, and Microsoft's potential damages are even now increasing.  Should Odom elect to reassert his claims against Microsoft (or its licensees or customers) in the future, Odom will no doubt seek to recover an award of damages for Microsoft's continued sales of the accused Office 2007 software, including sales during the time in which Odom is not pursuing his case.

Indeed, Odom has indicated that he believes Microsoft is willfully infringing the patent-in-suit, potentially entitling him to treble damages.  By seeking a dismissal of his claims without prejudice and at the same time asking for a stay of prosecution of Microsoft's counterclaims, the damages for which Microsoft could potentially be liable continues to increase exponentially.  Statistics suggest that the PTO's reexamination of the '592 Patent, as well as any accompanying appeal, will take quite some time, as the pendency of *inter partes* reexamination is reported to average 41.7 months.  *See Fresenius*, 582 F.3d at 1306 (Newman, J., concurring).  It would be terribly unfair to refuse Microsoft a day in court for that length of time while potential damages pile up and the case sits ready for resolution.

Moreover, Odom's public comments asserting that Office 2007 infringes his patent, as well as the fact that he has already sued over two dozen of Microsoft's licensees, has placed a "cloud" over Microsoft's software and its efforts to license its Ribbon technology.  Staying the case now would only increase Odom's ability to interfere in Microsoft's business while denying Microsoft the opportunity to fully resolve Odom's claims.  Such a stay would unduly prejudice Microsoft and provide Odom a clear tactical advantage.

- 7 -

Nor will the PTO's reexamination of the '592 Patent necessarily resolve all of the issues in this dispute. The *inter partes* reexamination is directed only to claims 8, 10, and 14 of the patent-in-suit, the claims asserted against Microsoft in this case, so the additional claims asserted against Microsoft's licensees will not be fully resolved by the *inter partes* reexamination. Moreover, the PTO expressly refused to consider certain prior art software programs advanced by Microsoft in its reexamination petition. The PTO believed it lacked statutory authority to consider that type of prior art in an *inter partes* reexamination proceeding. *See* Micallef Decl., Ex. D at 16-27. Thus, even after the reexamination, the Court may still be required to address the validity of the asserted claims.

And of course, the advanced procedural stage of this case clearly counsels against a stay. Discovery is complete except for the service of one expert report that will occur within the next 48 hours. Dispositive motions will be filed in two weeks. And while no trial date is set yet, that is only because the Court wisely decided to wait until after it reviews the dispositive motions to plan the trial. The point in the case where a stay would have made sense is long past.

Finally, we bring to the Court's attention the Declaration of John Vandenberg, filed herewith, and ask the Court to consider its implications should the case be stayed. Mr. Vandenberg is a distinguished member of the bar of this Court and of the Oregon legal community. He is also outside counsel to Microsoft and has represented the company in a number of contexts.[1] Some years ago Mr. Vandenberg hired Odom as a prior art searcher to help Mr. Vandenberg defend Microsoft in various patent litigations, and that relationship forms the back-story of this case and the basis for several of Microsoft's affirmative defenses.

---

[1] Mr. Vandenberg does not represent Microsoft in this case.

- 8 -

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF GARY ODOM'S MOTION TO STAY**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14333600v1 0025936-000889

Mr. Vandenberg was deposed by Odom's lawyers last year, and will likely be a witness at trial if necessary.

Nevertheless, just yesterday Odom approached Mr. Vandenberg in a public setting, among Mr. Vandenberg's peers and potential clients, and threatened him with litigation because of his involvement in this case, as Mr. Vandenberg declares:

> Today, March 15, 2010, I attended a Continuing Legal Education presentation entitled "Reexamination at the USPTO" sponsored by the Oregon Patent Law Association. The presentation took place in Portland, Oregon. Gary Odom arrived late and sat at my table, but he did not sit next to me. After the presentation, as soon as I stood up to get ready to leave, Gary Odom approached me and referred to my involvement in this case and stated that the "next time" he will sue Microsoft and me for intentional interference with "contractual relations" (or words to that effect). He then repeated the same message. I walked away without saying anything to Gary Odom.

Declaration of John D. Vandenberg, Esq. at ¶ 6.

This is simply harassment, and not just of Microsoft. Microsoft submits that, if the Court stays this case, this type of behavior will not stop. Indeed, it will almost certainly worsen. Only a final resolution of this matter will stop it, and Microsoft respectfully requests exactly that.

///

///

///

///

///

///

- 9 -

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF GARY ODOM'S MOTION TO STAY**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

## IV. CONCLUSION

Accordingly, for the reasons stated above, Microsoft respectfully requests that the Court deny Odom's motion for stay pending reexamination.

Dated: March 16, 2010

**DAVIS WRIGHT TREMAINE LLP**

 *s/ Robert D. Newell*
Robert D. Newell, OSB #790917
bobnewell@dwt.com
William A. Birdwell, OSB #730298
billbirdwell@dwt.com
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299

**ARNOLD & PORTER LLP**
Joseph A. Micallef, (Appearing *pro hac vice)*
joseph.micallef@aporter.com
Matthew N. Bathon, (Appearing *pro hac vice*)
matthew.bathon@aporter.com
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corporation