```
 1               IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF OREGON

 3   GARY ODOM,                      )
                                     )
 4           Plaintiff,              )  No. CV-09-230-MO
                                     )
 5      vs.                          )
                                     )
 6   MICROSOFT CORPORATION,          )
                                     )
 7           Defendant.              )
     _____)
 8                                   )
     GARY ODOM,                      )
 9                                   )
             Plaintiff,              )  No. CV-09-236-MO
10                                   )
        vs.                          )
11                                   )
     AUTODESK, INC., a Delaware      )
12   corporation,                    )  January 26, 2010
                                     )
13           Defendant.              )  Portland, Oregon
     _____)
14

15

16              **Telephone Status Conference**

17                 TRANSCRIPT OF PROCEEDINGS

18          BEFORE THE HONORABLE MICHAEL W. MOSMAN

19             UNITED STATES DISTRICT COURT JUDGE

20

21

22

23

24

25
```

```
 1

 2                              APPEARANCES

 3

 4   FOR THE PLAINTIFF:        Mr. Gary Odom, pro se
                               123 NW 12th Avenue, No. 1545
 5                             Portland, OR 97209

 6

 7

 8   FOR DEFENDANT
     MICROSOFT CORPORATION:    Mr. Joseph A. Micallef
 9                             Mr. Matthew Bathon
                               Arnold & Porter, LLP
10                             555 Twelfth Street, NW
                               Washington, DC 20008
11

12                             Mr. Robert D. Newell
                               Davis Wright Tremaine, LLP
13                             1300 S.W. Fifth Avenue, Suite 2300
                               Portland, OR 97201
14

15

16   FOR DEFENDANT AUTODESK:   Mr. Joel M. Freed
                               McDermott Will & Emery, LLP
17                             600 13th Street, NW
                               Washington, DC 20005-3096
18

19

20   COURT REPORTER:           Bonita J. Shumway, CSR, RMR, CRR
                               United States District Courthouse
21                             1000 S.W. Third Ave., Room 301
                               Portland, OR  97204
22                             (503) 326-8188

23

24

25
```

```
 1                    (P R O C E E D I N G S)
 2           THE CLERK:  This is the time and place set for a
 3   telephone status conference in Case No. 09-230-MO and
 4   09-236-MO, Odom v. Microsoft Corporation for 230, and Odom
 5   v. Autodesk, Inc. for 236.
 6           We do have a court reporter recording these
 7   proceedings, so we ask that you identify yourself and who
 8   you're representing each time that you speak.
 9           And counsel, could you please identify yourself
10   for the record.
11           MR. MICALLEF:  Yes.  This is Joe Micallef from
12   Arnold & Porter -- I'm representing Microsoft -- and with me
13   is my associate, Matthew Bathon, also from Arnold & Porter.
14           MR. NEWELL:  And Bob Newell from Davis Wright
15   Tremaine for Microsoft.
16           MR. FREED:  Joel Freed of McDermott Will & Emery
17   for Autodesk.
18           THE COURT:  Mr. Odom, you're on the line also?
19           MR. ODOM:  Yes.  This is Gary Odom, representing
20   myself.
21           THE COURT:  First, I just want to make sure that
22   is your status continuing forward -- is that correct -- that
23   you're going to be representing yourself?
24           MR. ODOM:  Yes -- well, you asked a multifold
25   question, and that would be continuing to represent myself.
```

```
 1  I don't know what that means.  That has an implication that
 2  I'm not fully aware of.
 3          THE COURT:  You don't have a lawyer today; is that
 4  right?
 5          MR. ODOM:  That is correct, Your Honor.
 6          THE COURT:  We have a schedule previously set that
 7  contemplated a trial date in August of this year and a
 8  number of former deadlines, many of which have gone by the
 9  wayside while we've given Mr. Odom time to try to find
10  another lawyer.
11          Have the parties had a chance to discuss now
12  setting a new schedule going forward with Mr. Odom currently
13  representing himself?
14          MR. MICALLEF:  Your Honor, this is Joe Micallef
15  from Arnold & Porter for Microsoft.
16          Yes, I -- at the Court's direction, I contacted --
17  well, first I contacted Paul Hayes at Mintz Levin, who I
18  think Mr. Odom had indicated he was in discussions with, and
19  I also attempted to contact another lawyer who Mr. Odom
20  indicated he was talking to, Greg Bishop at the Goodwin
21  Procter firm.  Neither of them -- I did have a conversation
22  with Mr. Hayes, left a message with Mr. Bishop -- he never
23  got back to me -- but I also had a conversation with
24  Mr. Odom.  I e-mailed him a proposed schedule on
25  January 19th and had a telephone conversation with him on
```

1   the 20th.
2            He can obviously characterize his own views of the
3   schedule, but my notes are that he disagreed with the early
4   parts of the schedule which I was proposing because he
5   wanted a complete redo of the expert report dates, and I was
6   taking up the schedule where it had left off at that point
7   in the stay.
8            And although he did seem to be in general
9   agreement with keeping the trial date, although I'm not
10  really sure how that would be possible if we completely redo
11  the experts, but at any rate, at that point, that was really
12  as far as we got into the details of the schedule that I had
13  sent over to him.
14           THE COURT:  Does your proposed schedule maintain
15  the current trial date?
16           MR. MICALLEF:  It does.  April -- August 2nd,
17  2010.
18           THE COURT:  And you believe you can do that by
19  collapsing what time periods from the former schedule?
20           MR. MICALLEF:  Well, I was starting from
21  responsive expert reports, which would have been the next
22  thing as of the date of the stay, and I would start them on
23  January 29th, since we've already exchanged infringement
24  reports and validity reports.
25           Then there's a date for responsive report by

1  defendant's expert on secondary considerations of
2  non-obviousness, which would be February 5th; expert
3  discovery to be completed by February 19; dispositive
4  motions due February 26th; responses to dispositive motions,
5  March 12; reply to dispositive motions, March 19th; oral
6  argument on dispositive motions sometime in April or at the
7  Court's convenience; pretrial order due by July 2nd;
8  pretrial conference set for July 12th, which I believe is
9  what Your Honor had set it originally; and then a five-day
10 jury trial set to begin August 2nd.  That was my proposed
11 schedule that I sent to Mr. Odom and others.
12         THE COURT:  Mr. Odom, where do you differ from
13 that proposed schedule?
14         MR. ODOM:  This is Gary Odom.
15         Your Honor, I am not a lawyer, and my counsel was
16 allowed to withdraw over my objections.  My former counsel,
17 Ed Goldstein of Goldstein Faucett & Prebeg, his firm had
18 repeatedly failed to provide me documents relevant to my
19 litigations in a timely fashion or whatsoever.  There are
20 documents that my former counsel, Goldstein, has which are
21 not in my possession, so -- including the validity reports,
22 most likely.  I simply -- it's beyond my knowledge and
23 beyond my capability to pursue this litigation pro se.  I
24 would not sport with the Court's patience by attempting to
25 do so.

```
 1              THE COURT:  What do you propose, since you don't
 2   currently have a lawyer and at least it appears you're not
 3   going to be able to get one in the near future?
 4              MR. ODOM:  That itself presents a difficulty as
 5   far as my proposing something, in that I do not know all the
 6   implications and ramifications of proposing, for example, a
 7   stay versus a dismissal.  I simply don't have that knowledge
 8   and I don't have counsel.  So --
 9              THE COURT:  Well, you have -- let me put it to you
10   this way.  It's your obligation to move the case forward,
11   and you can only do it in two ways:  one, yourself; and two,
12   with a lawyer.
13              There's a third path you're now suggesting, which
14   is that we just stay this case while you look for a lawyer a
15   longer period of time.  I'm not going to do that.  I've
16   given you a sufficient period of time to find a lawyer.  So
17   I will not stay the case while you look further.
18              So your choices now are to move it forward
19   yourself or to voluntarily dismiss it.  I'm not going to
20   make you decide that today.
21              I am going to have the parties submit proposed
22   case schedules.  The defense has suggested one orally here
23   today.  Please submit that just in a letter to the Court.
24              And Mr. Odom, to the extent you wish to submit a
25   competing schedule, you're free to do so while I give you
```

1   some time also to think about your options.  But I will
2   expect a competing schedule to be submitted in 48 hours, by
3   the end of the business day in two days.
4           And then this case will have to move forward, and
5   that's all I can do with it.  So we'll move forward on those
6   deadlines.  There will be consequences for not meeting those
7   deadlines, and you'll just have some difficult decisions
8   that you'll have to make.
9           MR. ODOM:  Your Honor, I can already make the
10  decision.  For example, I do not even know how to get
11  correspondence to the Court.  I am ignorant in that regard,
12  which is why I retained lawyers.
13          As I said, my counsel, over my objections, were
14  allowed to withdraw.  I simply am incapable, other than
15  conversation, of responding to anything in a legal -- proper
16  legal-legal fashion.  So I'm at tremendous disadvantage
17  here.  I do not need time to consider.  It is apparent to
18  me, as it should be to you, sir, that I am unable to
19  continue pro se.  It is simply beyond my knowledge and my
20  capability.  There are things -- I know much about the
21  substance of patent law but next to nothing about procedure,
22  and zero about how to properly address the Court with regard
23  to correspondence such as you suggested.
24          So there is no option for me in this regard, and I
25  hope you understand, with all due respect to the Court and

1  yourself.
2       THE COURT:  I understand that you have a difficult
3  choice to make.  I'm unwilling to take you at your word
4  today that you already know what to do in that difficult
5  choice.  So you can have a couple days to think about it
6  while I request that you either submit a proposed schedule
7  or do whatever else you think might work for you.  I'm not
8  here to give you advice about what that might be, but I am
9  here to tell you that once a case is filed, I don't have the
10 luxury of not moving it forward, and so this case will move
11 forward and there will be deadlines, and you have to decide
12 what you're going to do about that.
13      I know that you think you might already know that
14 you can't do anything, but I'm going to make you think about
15 that for a couple days, and then in writing submit either a
16 new schedule or whatever other proposal you wish to make
17 about this case.
18      MR. ODOM:  Pardon me, Your Honor.  How do I submit
19 something in writing?
20      THE COURT:  I'll have Ms. Stephens contact you
21 after we get off of this conversation to give you some
22 instructions about how to do that.
23      MR. ODOM:  Thank you, sir.
24      THE COURT:  All right.  Thank you all.  Good day.
25      (Proceedings concluded.)

```
 1
 2                           --o0o--
 3
 4         I certify, by signing below, that the foregoing is
 5    a correct transcript of the record of proceedings in the
 6    above-entitled cause.  A transcript without an original
 7    signature or conformed signature is not certified.
 8
 9
      /s/Bonita J. Shumway                    3/16/10
10    _____         _____
      BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
11    Official Court Reporter
12
```