**William A. Birdwell, OSB #730298**
billbirdwell@dwt.com
**Robert D. Newell, OSB #790917**
bobnewell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299

**Joseph A. Micallef,** (Appearing *pro hac vice)*
joseph.micallef@aporter.com
**Matthew N. Bathon,** (Appearing *pro hac vice*)
matthew.bathon@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant Microsoft Corporation

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| GARY ODOM<br><br>　　　　Plaintiff and Counterclaim<br>　　　　Defendant,<br><br>　vs.<br><br>MICROSOFT CORPORATION<br><br>　　　　Defendant and Counterclaim<br>　　　　Plaintiff. | Case No. 3:09-CV-230-MO<br><br>**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF GARY ODOM'S MOTION FOR CLARIFICATION** |

Plaintiff Gary Odom ("Odom") moves for "clarification" concerning the Court's recent grant of Odom's motion to dismiss his own claims without prejudice. He notes that the Court issued three identical orders in each of the three cases he had brought (against Microsoft, Autodesk, and Attachmate, *et al.*, respectively), but that while the orders in the *Autodesk* and *Attachmate* cases have (he says) ended those cases, the order issued in this case dismissed only his claims against Microsoft, leaving the claims of Microsoft against Odom undisturbed. *See* Odom's March 23, 2010 letter.

Odom's initial motion was, perhaps, ambiguous in what he sought, asking the Court for "dismissal without prejudice" but never identifying exactly what he wanted dismissed. (D.I. 119) (emphasis omitted). The Court's resolution of that motion, however, was anything but ambiguous. For example, after Microsoft objected to dismissal of Microsoft's declaratory judgment counterclaims, (D.I. 120), and responded to the Court's request for a more detailed position on dismissal of those counterclaims, (D.I. 130), the Court affirmatively stated that it would not dismiss the counterclaims: "I am persuaded that it's not within my power to simply dismiss them even without prejudice at this point." March 11, 2010 Hearing Tr. at 3:18-20.[1] Indeed, the Court told Odom, "There are claims against you. I'm not at liberty to just erase them or make them go away. They need to be brought to a final conclusion. I have made the decision not to wait further for you to obtain counsel, so we'll just have to wrap this up." *Id.* at 12:13-17. The Court even issued an order confirming the schedule set at the hearing for resolving those counterclaims. (D.I. 132). It is difficult to see any ambiguity in this record.

The day after the hearing on Odom's motion to dismiss, however, the Court issued an order "GRANTING Motion to Dismiss [119] without prejudice." (D.I. 134). From this one-sentence minute order Odom suggests that he was led to believe the Court had changed its mind

---

[1] A full copy of the transcript from the March 11, 2010 hearing is attached.

- 2 -

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF GARY ODOM'S MOTION FOR CLARIFICATION**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

about its decision not to dismiss Microsoft's counterclaims. Odom seems to assert that he therefore thought he was not required to file a reply brief in support of his motion to stay. He suggests that if Microsoft's counterclaims have not been dismissed he intends to file something to persuade the Court to reverse the denial of his stay motion, claiming that the Court has been "misled by Microsoft" and was "without proper appraisal of the facts and law." Odom's March 23, 2010 letter.

A clear record is, no doubt, a virtue. And while Microsoft believes the record is already clear that its counterclaims have not been dismissed, the Court could hardly be criticized for reiterating its ruling for a *pro se* litigant. Microsoft therefore has no objection to the Court confirming the ruling handed down at the hearing on Odom's motion to dismiss.

As for Odom's desire to file something asking the Court to reconsider its decision on the motion to stay, since the Court's decision was based on objective facts (*i.e.*, the fact of Odom's suits in this Court against Microsoft licensees, the limited scope of the reexamination, and the schedule in this case) and Odom's own words, it is difficult to see what such a paper will add. Nevertheless, Microsoft will respond to such a paper when appropriate, unless the Court indicates a response would be unnecessary.

Dated: March 25, 2010

**DAVIS WRIGHT TREMAINE LLP**

*s/ Robert D. Newell*

Robert D. Newell, OSB #790917
bobnewell@dwt.com
William A. Birdwell, OSB #730298
billbirdwell@dwt.com
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:    (503) 241-2300
Facsimile:    (503) 778-5299

- 3 -

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF GARY ODOM'S MOTION FOR CLARIFICATION**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14428583v1 0025936-000889

        **ARNOLD & PORTER LLP**
        Joseph A. Micallef, (Appearing *pro hac vice)*
        joseph.micallef@aporter.com
        Matthew N. Bathon, (Appearing *pro hac vice*)
        matthew.bathon@aporter.com
        555 Twelfth Street, NW
        Washington, DC 20004-1206
        Telephone: (202) 942-5000
        Facsimile: (202) 942-5999

        Attorneys for Defendant Microsoft
        Corporation

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF GARY ODOM'S MOTION FOR CLARIFICATION**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

DWT 14428583v1 0025936-000889