UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**GARY ODOM**,

No. CV 09-230-MO

      Plaintiff and Counterclaim
      Defendant,

OPINION AND ORDER

      v.

**MICROSOFT CORPORATION**,

      Defendant and Counterclaim
      Plaintiff.

**MOSMAN, J.,**

Mr. Odom, acting pro se, submitted a motion for clarification regarding the Court's prior

order granting Mr. Odom's motion to dismiss his claims without prejudice but allowing the case

to proceed on Microsoft's counterclaims. As discussed at the status conference held on March 11,

2010, and argued in Microsoft's response to Mr. Odom's motion to dismiss (#120) and

Microsoft's Response to the Court's Request for Its Position Concerning Pending Counterclaims

(#130), Microsoft intended to pursue its counterclaims independently if Mr. Odom's claims were

dismissed without prejudice.[1] On March 11, the Court found that it lacked discretion to dismiss

Microsoft's counterclaims for declaratory judgment if Mr. Odom's claims were dismissed without

prejudice and then scheduled a dispositive motion briefing schedule on Microsoft's

---

[1] Mr. Odom's other cases may be resolved differently depending on whether the defendants in those cases intend to pursue their counterclaims independently.

counterclaims. *See Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479 (Fed. Cir. 1998) (noting

that an active case or controversy in a declaratory judgment action requires "both (1) an explicit

threat or other action by the patentee, which creates a reasonable apprehension on the part of the

declaratory plaintiff that it will face an infringement suit, and (2) present activity which could

constitute infringement or concrete steps taken with the intent to conduct such activity") (citation

omitted). Thus, the case is currently moving forward on Microsoft's counterclaims for declaratory

judgment of non-infringement and invalidity of the '592 Patent. (Answer (#17) ¶¶ 42-50.)

    I have reviewed Mr. Odom's March 31, 2010 submission to the Court, which challenged

various factual and legal assertions made in Microsoft's response to Mr. Odom's motion for stay

(#135). My decision to deny Mr. Odom's motion for stay was based primarily on undisputed

findings, including the procedural posture of this case and the prejudice that Microsoft would

experience if this case were further delayed. *See Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404,

407 (W.D.N.Y. 1999) (observing that a "clear rule has developed in cases considering stays that,

where discovery has commenced, claim construction has been briefed, and dispositive motions

have been filed and disposed of, courts should not grant stays for reexamination before the

PTO") (quotation, alterations and citation omitted). Accordingly, even in light of Mr. Odom's

responsive arguments, I do not find it necessary to reconsider my order (#141) denying Mr.

Odom's motion for stay.

    IT IS SO ORDERED.

    DATED this  2nd  day of April, 2010.

                                        /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        United States District Court