Gary Odom
123 NW 12th Avenue, #1545
Portland, OR 97209
gary@patenthawk.com

FILED'10 APR 02 10:23USDC-ORP

March 31, 2010

By email: dawn_stephens@ord.us.courts.gov

Hon. Michael W. Mosman
U.S. District Court
1000 SW 3rd Avenue, Suite 1615
Portland, OR 97204

    **Re: Odom v. Microsoft (CV 3:09-230-MO)**

Your Honor:

    The continuation of proceedings in this litigation has me confounded, a perplexity that I suspect that will soon be compounded.

    On March 23, 2010, I sought clarification from the Court as to ongoing proceedings. Only Microsoft answered.

    In its March 16, 2010 opposition to my motion to stay under 35 U.S.C. §318, Microsoft repeatedly misled the Court with its citation of case law.

    *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) does not mention of 35 U.S.C. §318. In this case, the defendant wanted a stay pending ex parte reexamination. This was not an instance of the patent holder wanting a stay, nor of an inter partes reexamination, and so is irrelevant with regard to §318.

    Likewise, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, which is in regard to §318, Microsoft spun a 180° on the case law. Contrary to Microsoft's deception, *Fresenius* supports that a stay is appropriate in the instant circumstances.

> "In exercising its discretion to deny or grant a stay pending reexamination, a district court should consider the effect of delay upon a patentee. With respect to inter partes reexamination, 35 U.S.C. §318 commits the grant of a stay to the district court's discretion <u>with special heed to the concerns of the patentee</u>." Fresenius USA, Inc. v. Baxter Int'l, Inc., 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman, J., concurring) (emphasis added)

    In its March 16, 2010 opposition, Microsoft essentially called me a liar by citing my patent weblog entries as evidence that I was trying to fool the Court with regard to my becoming aware of 35 U.S.C. §318 as applies to this case. Clearly, Microsoft has spared no expense in knowing my blog better than me. Having written over 1,800 blog entries, I feel fortunate to be able to recall the highlights of statute and case law, but must confess to being a geezer who remembers but a small fraction of what I read or write, even as I constantly read and write. The truth of my

not recalling §318 is easily evidenced by inference: if I had remembered §318, I would have asked for a stay on that basis back in December 2009, rather than desperately scramble for yet another gaggle of questionable contingency lawyers under a short deadline stay.

Thinking my present ordeal over, what I said to Mr. John Vandenberg March 15, 2010 was precisely this: "Hi John. You look better clean shaven than with that scraggly beard you had... You dodged a bullet. Your active support of Microsoft estoppel and inequitable conduct defenses was not appreciated by me. You pull that stunt in the hypothetical next round and I will sue you and Klarquist for tortious interference. Don't think I'm kidding. I will." Contrary to John Vandenberg's assertion, I did not repeat myself. The only reason I recall the conversation exactly is because I wrote it down at the time.

With regard to the foregoing recitation as a declaration, pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed March 26, 2010 in Portland, Oregon.

Ever attendant to his client's wants, Mr. Vandenberg goes out of his way to commit perjury, in further pursuit of biasing the Court.

Of course, this was a quiet, brief, private monologue, to which there were no witnesses, so Mr. Vandenberg may attempt to deceive the Court with impunity. My only concern is that Mr. Vandenberg will next fabricate witnesses so as to outnumber me, and thus attempt to further dupe the Court.

Microsoft predominant stratagem appears not to be patent litigation in its legalities, but character assassination, by outrageous allegations, and by the ludicrous practice of mindless mind reading to divine my surmised machinations. Microsoft's behavior is readily explained by the merits of this case being all mine.

Microsoft stated in its March 16, 2010 letter that "a stay would unduly prejudice Microsoft and provide Odom a clear tactical advantage."[1] Further, "even after the reexamination, the Court may still be required to address the validity of the asserted claims." There's incipient irony here.

In its October 24, 2008 statement of defenses and counterclaims, Microsoft posited: (1) non-infringement; and (2) invalidity under 35 U.S.C. Sections 101, 102, 103, and/or 112. More sweeping is Microsoft's allegation of my patent being (3) unenforceable - by being "estopped from maintaining claims of patent infringement of the '592 patent that would cover Microsoft's activity", and "by the doctrine of unclean hands for Odom's breaches of covenants and misrepresentations concerning Odom's services on Microsoft's behalf and his patenting activities."

---

[1] "Moreover, Odom's public comments asserting that Office 2007 infringes his patent, as well as the fact that he has already sued over two dozen of Microsoft's licensees, has placed a "cloud" over Microsoft's software and its efforts to license its Ribbon technology. Staying the case now would only increase Odom's ability to interfere in Microsoft's business while denying Microsoft the opportunity to fully resolve Odom's claims. Such a stay would unduly prejudice Microsoft and provide Odom a clear tactical advantage." Microsoft opposition motion, page 7.

Microsoft's allegation of my not being able to enforce my patent by unclean hands, et cetera, is a most severe attack on my integrity. Microsoft's baseless character assassination was reported in the press as fact, and that did rankle.

Microsoft's estoppel and inequitable conduct defenses are meritless, without any basis in fact or law. They amount to a claim by Microsoft of perpetual indentured servitude resulting from my employment by Klarquist Sparkman a decade ago, the firm to which Mr. Vandenberg belongs. I have long wanted dispositive disposal of these unenforceability "defenses", to get out from under Microsoft's ugly contrived cloud.

In the March 11, 2010 hearing, Microsoft bemoaned with false empathy and deception the scale of impact that my suit has upon Microsoft.

> "He has sued our licensees. Microsoft has offered to license its Ribbon technology to the world, or its interface to the world for free, and many have taken that up. He's sued them in the Autodesk case and the Attachmate case. There is no reason to believe that he won't sue others who may be customers of Microsoft, Hewlett-Packard, among others, who sell products like computers with Microsoft Office."

To the extent my patent is valid and infringed, Microsoft has admitted to licensing technology that it does not own. That itself is a massive fraud.

Microsoft appeared to mislead the Court by stating that Autodesk and Attachmate are licensees of its purported technology. There are no facts before the Court to evidence that assertion.

Further, my complaint against all other erstwhile defendants was of their own products, not Microsoft's. Other than Microsoft's admitted illicit technology licensing, by my knowledge, Microsoft has no commercial interest in the erstwhile defendants.

My understanding is that Microsoft indemnifies its product distributors, and its customers, in cases of patent infringement. Microsoft did not intervene nor indemnify any of the other parties which I sued for patent infringement. I purposely did not sue Microsoft's customers. Never considered it. Too sly. Instead, I first sued Microsoft (more precisely, I let my lawyers sue Microsoft first, over my better judgment). In short, Microsoft has no factual basis for its assertion that I would sue Microsoft customers. The direct and plentiful evidence is to the contrary.

Since it appears that Microsoft's counterclaims must be immediately attended to, by the principles of equity, they must all be equally pressing in ridding Microsoft of the "cloud" I allegedly put it under.

I motion the Court to adhere to its decision that "prompt resolution of these claims is necessary…." That requires that Microsoft put before the Court for summary judgment all its defenses and counterclaims, so as to promptly resolve this dispute once and for all.

There is no reason to think, prima facie, that the facts of this case would be in dispute, or that any factual dispute could not be resolved with clarity by the Court in accord with what any reasonable trier of fact would find. Thus, logically, resolution of all of Microsoft's counterclaims and defenses can be made as a matter of law by the Court.

Otherwise, by selectively putting only one or two defenses before the Court while leaving others for later, Microsoft is merely gaming this litigation to its considerable advantage. And so, under that scenario, my perplexity would be compounded as to how these continued proceedings, in my present circumstances, "serve the interests of justice," when "prompt resolution" is a chimera.

Respectfully submitted,

Gary Odom

cc: Mr. Joseph Micallef (by email)
    Mr. Matthew Bathon (by email)
    Mr. Robert Newell (by email)