**William A. Birdwell, OSB #730298**
billbirdwell@dwt.com
**Robert D. Newell, OSB #790917**
bobnewell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299


**Joseph A. Micallef,** (Appearing *pro hac vice*)
joseph.micallef@aporter.com
**Matthew N. Bathon,** (Appearing *pro hac vice*)
matthew.bathon@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

Attorneys for Defendant and Counterclaim Plaintiff
Microsoft Corporation

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| GARY ODOM | Case No. 3:09-CV-230-MO |
| Plaintiff and Counterclaim Defendant, | **MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID** |
| vs. | |
| MICROSOFT CORPORATION | |
| Defendant and Counterclaim Plaintiff. | |

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

## I.    INTRODUCTION

Microsoft respectfully submits this reply in support of its Motion for Summary Judgment (D.I. 143) that the accused software does not infringe the asserted claims of U.S. Patent No. 7,363,592 ("the '592 Patent") and that the asserted claims are invalid.[1]

The express language of the asserted claims and of the Court's construction limit the claimed "tool group" to a particular set of tools "on the toolbar."  Ignoring this, Odom asserts that the display of a new window of tools, separate and apart from anything on the toolbar, somehow represents altering the condition of the "tool group **on** said toolbar."  But displaying a new window that is **off** the toolbar cannot reasonably be considered altering the condition of the set of tools **on** the toolbar, particularly where the new window does not affect the tools on the toolbar in any way, as is undisputed here.  And in any event Odom has advanced no evidence from which a jury could come to such a nonsensical and counter-intuitive conclusion.  Thus, Microsoft does not infringe as a matter of law.

The claims also require a "user-manipulatable divider" for altering the condition of a tool group.  The only thing on the accused toolbar that even arguably "divides" is a rounded rectangle

---

[1] On May 3, 2010 Plaintiff Gary Odom ("Odom") filed numerous papers, including four "motions for summary judgment" and a motion to strike, that he states also represent his response to Microsoft's original motion.  The Court's scheduling orders did not provide for any summary judgment motions to be filed after April 1, 2010, and during the hearing where the schedule for summary judgment motions was discussed Odom never even suggested that he might want to move for summary judgment.  Odom also failed to confer on his "motions" under LR 7-1 or suggest at any time that he might file such motions.  Odom's motions for summary judgment can and should be stricken as untimely under the Court's scheduling order.  In the interests of efficiency, however, Microsoft treats Odom's "motions" for (1) Infringement by Microsoft, (2) Unfettered Claims for 7,363,592, and (3) 7,363,592 as Not Invalid as Odom's responses to Microsoft's motion for summary judgment of non-infringement and invalidity.  To the extent that the Court is inclined to consider Odom as properly having moved for summary judgment, this paper also serves as Microsoft's opposition to those motions, each of which should be denied on the merits should the Court decide to reach them.  Microsoft responds in separate papers to Odom's other motions, each of which should also be denied.

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon 97201 · (503) 241-2300

associated with each Ribbon "chunk."  But it is undisputed that neither the rectangle nor the chunk label, which Odom also accuses of constituting part of the claimed "user-manipulatable divider," can be manipulated by a user in any way.  The only chunk-related item he accuses that is user-manipulatable is the "dialog box launcher," or DBL, a control button found in some chunks, but the DBL does not divide anything at all, as Odom has conceded.

Odom's only argument in response is that the **combination** of these three separate structures – the rounded rectangle, chunk label, and DBL – satisfies his claims.  But the claims by their terms require a single structure – a divider that is user-manipulatable – not some combination of three separate elements as Odom now asserts.  Moreover, during the prosecution of his patent, Odom stated that a prior art reference having such a combination of separate elements did not include a user-manipulatable divider.  Thus, Microsoft does not infringe as a matter of law for this reason as well.[2]

Microsoft has also demonstrated that the asserted claims are anticipated by two admitted prior art references, respectively.  In response to both, Odom presents the same, single argument: Odom contends that anything not **referred to** as a "tool group" in a prior art reference cannot be a "tool group" within the meaning of his patent claims.  Odom misunderstands the law, as it has long been settled that the prior art need not disclose the claimed invention *in haec verba* in order

---

[2] In his opposition papers, Odom asserts that independent claim 8 is literally infringed and dependent claims 10 and 14 are infringed under the doctrine of equivalents.  Memorandum in Support of Counterclaim Defendant Gary Odom's Motion for Summary Judgment Motion for 7,363,592 as Infringed by Microsoft (D.I. 163) ("Odom Infringe. Memo.") at 13-14.  He has made no argument that the doctrine of equivalents applies to claim 8.  *See generally id.*  Since a dependent claim cannot be infringed as a matter of law if the underlying independent claim is not infringed, *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989), if the Court concludes that claim 8 is not infringed literally then it need not reach the doctrine of equivalents and entry of judgment for Microsoft is required, since Odom's equivalency positions would then be immaterial.

2

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

to anticipate. *See In re Tomlinson*, 363 F.2d 928, 933-34 (C.C.P.A. 1966). Moreover, Odom's argument ignores the Court's claim interpretation, which focuses not on whether something in the prior art is *called* a "tool group" but on what it is and does. Indeed, Odom lost this very same argument before the Board during the prosecution of the parent application of the '592 Patent, a decision that he never appealed. Odom may not like the Court's claim interpretation, or the Board's, but he is not entitled to ignore them. Since the only argument for validity that Odom has advanced is wrong as a matter of law, Microsoft is also entitled to summary judgment that the asserted claims are invalid.

## II.    THE ACCUSED SOFTWARE DOES NOT INFRINGE THE ASSERTED CLAIMS OF THE '592 PATENT

### A.    No Condition of the Accused "Tool Group" Can Be Altered

As demonstrated in Microsoft's opening brief, the plain language of the claims and of the Court's construction require that the claimed "tool groups" are collections of tools found ***on*** a "toolbar." Opening Memo. (D.I. 144) at 5, 19-20. Odom's only argument that this requirement is met is based on the display of a window that is separate and apart from the accused toolbar and which does not affect the tools on the toolbar in any way. But the claimed tool group has been defined to be only those tools that exist between dividers or between a divider and one end of the toolbar. Ex. F[3] at F-1. That specific collection of tools is the claimed tool group and nothing else, as a matter of law. Since Odom accuses no functionality that affects the tools that are actually on the toolbar, Odom's theory must be rejected, and Microsoft does not infringe as a matter of law.

---

[3] Unless otherwise noted, all references to "Ex." in this reply refer to the exhibits to the Declaration of Joseph A. Micallef in Support of Defendant Microsoft Corporation's Motion for Summary Judgment (D.I. 146).

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

Even if one were to accept that the display of a separate window could *theoretically* affect the condition of tools on a tool bar, Microsoft's motion would still have to be granted since Odom has advanced no evidence from which a jury could find that to be so here. It is undisputed that the display of the separate window does not alter the tools in the accused "tool group" in any way, S.M.F. ¶¶ 13, 14; Ex. B at 373:22 - 374:10, so Odom's theory must be rejected.

Indeed, Odom's entire theory of infringement is premised on his assertion that the tools in the separate window are part of the accused tool group on the toolbar because, according to Odom, any tools that are "functionally related" are part of the same tool group. *Id.* at 374:11 - 375:18. However, that theory is inconsistent with the Court's interpretation and so must be rejected. The Court has ruled that a tool group is defined to be only those tools that exist between dividers or between a divider and one end of the tool group. Functional relationships have nothing to do with the Court's definition. Because Odom's entire case rests on an interpretation of the claimed "tool group" that is different from and inconsistent with the Court's interpretation, he has failed to raise a genuine issue of material fact. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury.").

Finally, Odom argues that "[n]othing in claim 8 requires that the claimed altered condition occur on the toolbar." Odom Infringe. Memo. at 10. That is incorrect. The plain language of the claims as well as this Court's claim constructions explicitly require that it is the condition of the tools making up the tool group on the toolbar that must be altered. Moreover, even if there were some condition of a tool group which did not appear on the toolbar, and that condition could be affected in some manner, Odom has provided no evidence that such is the case here. Accordingly, since there is no dispute that the tools of the accused Ribbon chunk are

4

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

never altered in any way, even by the display of a separate window, *see*, *e.g.*, *id.* at 9 ("Both parties agree that tool groups on a toolbar of the accused products stay put."), Microsoft is entitled to summary judgment of no infringement as a matter of law.

### B.    There Is No "User-Manipulatable Divider"

The asserted claims also require a "user-manipulatable divider" for altering the condition of a tool group.  Odom falsely asserts that there is no dispute that the combination of the rounded rectangle surrounding a chunk, the chunk label, and the DBL satisfies the claimed tool group divider.  Odom Infringe. Memo. at 4.  Quite the contrary:  the claim language mandates ***a single structure*** – a "divider" – that is "user-manipulatable," and that is what Odom must show to prove infringement:  a user-manipulatable divider.  Since it is undisputed that no such structure appears in the accused software, Microsoft is entitled to judgment as a matter of law.[4]

In response, using doctored figures from both the '592 Patent and the accused software,[5] Odom points to the disclosure of a "compressed group indicator 7" in his patent, states that it operates in the same manner as the disclosed "tail group divider 5," and concludes that one of skill in the art would therefore consider those two structures to be part of the same "tool group divider."  Odom Infringe. Memo. at 6.  The first rather glaring deficiency of this theory is that

---

[4] In his brief Odom relies on Microsoft's user interface guidelines.  *See, e.g.*, Odom Infringe. Memo. at 6 ("Microsoft's guidelines recommend not using a tool group label at times.").  But it is undisputed that those guidelines were never intended to describe the accused software.  Rather, those guidelines are provided for licensees of Microsoft's Fluent User Interface to program their own software using the look and feel of Microsoft's interface.  *See generally* Odom Ex. O; *see also* MSDN Library:  Ribbons, *available at* http://msdn.microsoft.com/en-us/library/cc872782.aspx (last visited May 17, 2010) ("To license the Office UI, see Office UI Licensing.").  Those guidelines therefore could not raise a *material* issue of fact, regardless of what they say, since the software of Microsoft's licensees is not at issue in this case.

[5] As Odom admits, the figures he shows on page 6 of his brief are altered versions of what actually appears in the patent and accused software.

5

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

the patent only calls one of them a "divider," so one of ordinary skill in the art would have instead assumed that only the structure that Odom labeled a "divider" was actually a "divider."

Yet another problem with Odom's theory is that it is based on the premise that both structures have identical functionality, and that for some reason this would lead a person of skill in the art to conclude they were both part of the claimed divider.[6] But the patent describes different functionality for "compressed group indicator 7" (indicating that additional tools for the group are hidden, Ex. A at col. 3, ll. 47-48) and "tail group divider 5" (separating one group from another, *id.* at col. 3, ll. 38-42). Even were that not so, Odom never explains why wholly different structures on the display could not have similar or even identical functionality or why, even if they did have the same functionality, that would lead one to believe they were part of the same structure and not just two separate structures that perform the same function.[7]

In any event, Odom's theory is irrelevant, since he is really just asking the Court to adopt a new construction of the term "divider" that would encompass a combination of structures. It is too late for that, however. If Odom had desired a special interpretation of the claimed "divider" that could reach multiple different structures combined, he should have asked for it during the *Markman* proceedings. Because it is undisputed there is nothing in the accused software that can

---

[6] Odom also states, without citation, that Microsoft does not dispute this conclusion, Odom Infringe. Memo. at 6, which is incorrect.

[7] Odom also contends that multiple structures may be combined to satisfy the claimed "user-manipulatable divider" because asserted claim 8 contemplates a tool group with "at least one user-manipulatable divider." Odom Infringe. Memo. at 6. But this argument is a non sequitur; to say that a tool group can have multiple dividers provides no support for the proposition that multiple structures can be combined to constitute a single divider.

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon 97201 · (503) 241-2300

be considered a "user-manipulatable divider" as required by the asserted claims, the Court should

enter summary judgment of non-infringement on this basis as well.[8]

### C.    There Is No Infringement Under the Doctrine of Equivalents

Odom asserts no argument that claim 8 is infringed under the doctrine of equivalents, *see*

Odom Infringe. Memo. at 3-11, so if the Court concludes that claim 8 is not literally infringed it

---

[8] The reasons outlined above also require denial of Odom's motion for summary judgment of
infringement, should the Court decide to reach that motion on the merits. Odom also asserts that,
because Microsoft did not identify several claim limitations as the basis for its motion for
summary judgment of non-infringement, it is undisputed that the Ribbon user interface satisfies
those limitations. Odom Infringe. Memo. at 4, 8. This assertion is false and flatly contradicted
by the evidence that Microsoft has produced in this litigation. For example, Odom asserts that it
is undisputed that the Ribbon user interface "displays a toolbar . . . compris[ing] at least one tool
group," Odom Infringe. Memo. at 4, but Microsoft's unchallenged evidence shows just the
opposite – that the Ribbon user interface does not include any "tool group" conforming to the
Court's definition of this term. Ex. L at ¶¶ 66-69. Moreover, the evidence relied upon by Odom
to support this assertion does not even purport to apply the Court's constructions of the terms
"toolbar" and tool group," and thus cannot support his infringement argument. *See generally*
Odom Exs. D, O, P. Similarly, Odom asserts that it is undisputed that "a tool group highlights
when **selected**," Odom Infringe. Memo. at 8 (emphasis added), but Odom fails to apply the
Court's definition of "selecting," and Microsoft's unchallenged evidence shows that a user of the
accused software cannot "select" a Ribbon chunk at all. Ex. L at ¶¶ 70-71. Odom further
asserts, without citation to any evidence whatsoever, that it is undisputed that the accused
software satisfies the "tracking" limitations of the asserted claims. Odom Infringe. Memo. at 8.
Again, Microsoft's unchallenged evidence shows just the opposite. Ex. L at ¶¶ 72-76. Nor
could Odom have cited any evidence in support of this particular assertion, as he admitted in his
own deposition that "tracking" (as construed by the Court) never ceases in the accused software.
*Compare* Ex. L at ¶ 75, L-198 (quoting Odom, "But ***tracking occurs all the time*** in any
graphical user interface application. As long as that curser [sic] is around and the user has a
pointing device that he or she is using, tracking is going on." (emphasis added)), *with* Ex. A at
col. 6, ll. 20-23 (requiring a "user indication to ***cease tracking***" as part of asserted claim 8). In
the face of Microsoft's uncontradicted evidence that the accused software does not satisfy these
claim limitations, Odom cannot seriously contend that his assertions, which are not even based
upon the Court's claim constructions, are undisputed. Thus, Odom's motion for summary
judgment of infringement should be denied for these reasons as well.

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

need not reach the doctrine of equivalents.  As demonstrated in Microsoft's opening brief, however, Odom is not entitled to rely on a theory of infringement under the doctrine of equivalents for any claim because he never advanced such a theory during discovery, because he refused to answer questions concerning any infringement theories other than those set forth in his infringement contentions by asserting the attorney-client privilege, and because he is estopped from doing so.  His response provides no reason why he should be permitted to overcome these legal limitations.

1.    <u>Odom Failed to Adequately Advance any Proper Theory Under the Doctrine of Equivalents</u>

In this case Odom has never substantively advanced any theory of infringement based on the doctrine of equivalents.  Nor has he provided the details of such a theory in his opposition brief.  All Odom can point to is a summary statement from his infringement contentions:

> To the extent that any differences are alleged to exist between the above-identified claims and the Infringing Products and infringing conduct, such differences are insubstantial.  Defendant's products and methods perform substantially the same function, in substantially the same way, to yield substantially the same result, and therefore Microsoft infringes under the doctrine of equivalents.

Ex. C at C-2.

It is well-settled, however, that such a generic statement is not sufficient to advance a claim for infringement under the doctrine of equivalents.  Rather, "[t]he party asserting infringement must present '*evidence* and *argument* concerning the doctrine and *each* of its elements.'"  *Lear Siegler, Inc. v. Sealy Mattress Co. of Michigan, Inc.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989) (emphasis in original).  In order to rely on the doctrine of equivalents, a patentee must provide "particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to

8

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*,  90 F.3d 1558, 1567 (Fed. Cir. 1996).  This evidence must be presented on a limitation-by-limitation basis, and generalized testimony as to the overall similarity between the claims and the accused product or process is not sufficient.  *Id.*  Moreover, evidence and argument on the doctrine of equivalents cannot just be subsumed in a patentee's case for literal infringement.  *Lear Siegler*, 873 F.2d at 1425.  As such, summary judgment of non-infringement under the doctrine of equivalents is proper where the patentee fails to produce the required evidence and argument to establish that its claim limitations are met equivalently.  *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1389 (Fed. Cir. 1992).

Odom nowhere provides any of the particularized testimony or linking argument that are required to establish infringement under the doctrine of equivalents.  *See* Odom Infringe. Memo. at 12-13.  He did not do so during discovery, and he has not done so in his opposition brief. Odom should therefore not be permitted to rely on the doctrine now, and Microsoft is entitled to summary judgment in its favor for this reason alone.[9]

But even aside from that, when Odom was asked at his deposition whether he had any theories of infringement that were not contained in his infringement contentions, he refused to answer and asserted the attorney-client privilege, preventing Microsoft from discovering his

---

[9] In his discussion of dependent claims 10 and 14, Odom includes several images that could be misinterpreted as representing the accused software.  *See* Odom Infringe. Memo. at 12-13.  To be clear:  Figures 4 and 5 from Odom's Infringement Memorandum at page 12 are screen shots of the accused software that have been modified by Odom.  They do not represent any functionality of the accused software.  To be fair, in his brief Odom never suggests that those images represent the functionality of the accused software, but rather characterizes them as theoretical possibilities in order to make a point.

9

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

theories or even beginning to develop a defense against them.  Ex. N at 70:10 - 71:8.  A patentee may not use claims of privilege to hide theories of infringement from the defendant only to attempt to assert them only after all discovery is closed.  *Columbia Pictures Television, Inc. v. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001).

In his opposition Odom attempts to distinguish *Columbia Pictures*, but while the underlying facts of this case and those in *Columbia Pictures* are not identical, that case (and numerous others like it) confirm that a party may not withhold from discovery otherwise discoverable information – here, a theory of infringement under the doctrine of equivalents – under a claim of privilege, only to later assert that theory once all discovery has closed.  The time has long passed for Odom to fully advance a theory of infringement based on equivalents – indeed it passed when Odom asserted the privilege and refused to answer our question during his deposition – and the Court should not permit Odom to do so now.[10]

2.    Odom's Equivalence Theory Would Vitiate Express Elements of The Claims

As set forth in Microsoft's opening brief, Opening Memo. at 24-26, as a matter of law Odom should not be permitted to argued that the accused software infringes under the doctrine of equivalents because any theory of equivalents relying upon a window separate and apart from the tool group on the tool bar would vitiate the claim language requiring a "toolbar ***comprising*** at

---

[10] In his brief, Odom blames his former lawyers for instructing him not to answer.  Memorandum in Support of Counterclaim Defendant Gary Odom's Motions [sic] for Summary Judgment for Unfettered Claims for 7,363,592 (D.I. 160) ("Odom Unfettered Memo.") at 6.  That is not correct.  His lawyers instructed him not to reveal privileged communications in his answer; they did not simply instruct him not to answer.  Ex. N at 70:10 - 71:8.  Infringement theories a patentee intends to present to a jury are, of course, not privileged, as Odom undoubtedly knew.  Rather, as he did throughout his deposition, Odom was simply intentionally avoiding the discovery he was required to provide.  He, not his lawyers, should bear the consequences of his decision to do so.

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

least one first tool group," and it would also vitiate the language requiring "altering the condition of at least one tool group *on said toolbar*."  As a matter of law, the doctrine of equivalents cannot be used to read express limitations out of the claims.  *E.g.*, *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 19-30, 39 n.8 (1997).

In his opposition Odom responds by stating that Microsoft "confuses the all-elements rule with doctrine of equivalents."  Odom Infringe. Memo. at 10.  Odom also argues that the requirement that the relevant tool group be "on the toolbar" is a limitation that appears in dependent claims 10 and 14, not in claim 8, and therefore a finding that a separate window is part of the claimed tool group would not vitiate that limitation.  *Id.* at 10-11.  It is Odom who is confused, however.

While the all-elements rule is a legal doctrine applicable to literal infringement, it is also applicable to an assertion of infringement under the doctrine of equivalents, as the Supreme Court confirmed in *Warner-Jenkinson*.  *See* 520 U.S. at 29 ("It is important to ensure that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety."); *id.* at 39 n.8 ("Thus, under the particular facts of a case, … if a theory of equivalence would entirely vitiate a particular claim element, partial or complete judgment should be rendered by the court, as there would be no further *material* issue for the jury to resolve.") (emphasis in original).  The all-elements rule, and its attendant prohibition against vitiation of a claim element, is indeed applicable to a doctrine of equivalents analysis.

Odom's second argument, that dependent claims 10 and 14 require altering the condition of a tool group on a toolbar so claim 8 cannot, is also confused.  Claim 8 expressly requires a "toolbar *comprising* at least one first tool group" and the step of "altering the condition of at least one tool group *on said toolbar*."  And the Court's interpretation of "tool group" defines that

11

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

claim 8 phrase as the set of tools between two dividers or a divider and one end of the tool group. Thus, while claims 10 and 14 do indeed require altering the condition of a tool group on a toolbar, claim 8 does as well.[11]

But quite aside from all that, Odom has also confused what he himself has argued. Odom has not asserted the doctrine of equivalents as to claim 8, even in his opposition brief. Rather, Odom has attempted to rely on the doctrine of equivalents for claims 10 and 14 only, so whether the doctrine of equivalents "vitiates" anything is not material to independent claim 8. Thus, since even he admits that claims 10 and 14 require that the relevant tool group be "on the toolbar," it is undisputed that permitting him to rely on the doctrine to show infringement of those claims by a separate window would vitiate that express requirement of the claims. Thus, even under Odom's own argument, he cannot rely on the doctrine of equivalents here as a matter of law. *Warner-Jenkinson, supra* at 39 n.8.

> 3.    Odom Is Estopped from Arguing Infringement under the Doctrine of Equivalents

Finally, Microsoft has also demonstrated that Odom's own arguments during the prosecution of the parent application of the '592 Patent represent a clear and unmistakable disclaimer, and Odom may not now recapture what he disclaimed by resorting to the doctrine of equivalents. In his opposition, Odom states that "Microsoft has not explained how stating a disclosed embodiment definition necessarily rises to 'clear and unmistakable surrender of subject matter' requisite [sic] for argument-based estoppel." Odom Unfettered Memo. at 8 (emphasis added). But that is exactly what a "definition" does – it expressly informs what the defined

---

[11] The difference is, of course, that claims 10 and 14 define the altered condition more specifically, albeit still requiring that what is altered be a condition of a tool group on the toolbar.

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon 97201 · (503) 241-2300

subject matter is and what it is not.  Odom set forth a precise definition for the claimed "tool group" in his specification, and he strenuously argued for the Board to apply that exact definition.  *See* Opening Memo. at 8-9.  There is nothing unclear or ambiguous about that.

Odom's characterization of his definition as a "disclosed embodiment definition," whatever that is intended to mean, does not change the disclaimer he placed on the public record.  Indeed, it is difficult to imagine how a precise definition set forth in a patent specification, quoted and argued to the Board as distinguishing the prior art, could be a more "clear and unmistakable" statement of what a "tool group" is and what it is not.  Odom chose to define his term and to argue it to the Board.  He is now stuck with the consequences of those choices.

Similarly, Odom cannot rely on the doctrine of equivalents to attempt to capture the combination of a user-manipulatable control button, a label, and a rectangle enclosing a set of tools as the claimed "user-manipulatable divider."  In his opposition, Odom asserts that a "prosecution observation of what a prior art reference lacked" is not a disclaimer of patent scope.  But Odom's argument to the Board was quite a bit more than merely a passing "observation" of what was in the prior art.  Odom argued unequivocally that his pending claims were patentable over the Tuniman patent because "Tuniman Figures 3-4 *have no indication* and the attendant disclosure *makes no mention* of a tool group or *tool group divider*, let alone tool group divider manipulation."  Ex. E at E-43 (emphasis added).  Odom did not just throw out an "observation."  He explicitly distinguished his claimed invention from the Tuniman prior art in an attempt to convince the Board that the claims then under review were patentable.  When a patentee states that disclosed structures in a prior art reference are not covered by his claims, he has most certainly disclaimed claim scope, and that is exactly what occurred here.  *Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1304 (Fed. Cir. 1997) ("Moreover, since, by distinguishing the claimed invention over the prior art, an applicant is indicating what the claims do not cover, he is

13

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

by implication surrendering such protection."). Odom's attempt here to recapture what he surrendered must therefore fail, and Microsoft is entitled to summary judgment of no infringement under the doctrine of equivalents for this reason as well.

Accordingly, Microsoft is entitled to summary judgment of no infringement as a matter of law, and respectfully requests such judgment be entered.

## III.    THE ASSERTED CLAIMS ARE INVALID

Odom has admitted that both the Windows 98 Taskbar software and the Kavalam Patent are prior art to the '592 Patent, and he does not dispute Microsoft's description of the functionality disclosed in that prior art. Odom's sole argument for why the asserted claims of the '592 Patent are purportedly not anticipated by both references is his naked assertion that anything not referred to as a "tool group" in a prior art reference can never be a "tool group" within the meaning of his claims. Memorandum in Support of Counterclaim Defendant Gary Odom's Motion for Summary Judgment of 7,363,592 as Not Invalid (D.I. 164) ("Odom Validity Memo.") at 6-9. Similarly, he argues that anything not referred to as a "toolbar" in a prior art reference cannot be considered a "toolbar" for purposes of his patent. *Id.*

But the law does not require that the prior art disclose the invention using exactly the same language as the patent-in-suit in order to find anticipation. *See In re Tomlinson*, 363 F.2d 928, 933-34 (C.C.P.A. 1966) ("As to the claim expression 'light-stable composition,' we think it immaterial that Tholstrup does not *in haec verba* make that disclosure. The claims as a whole must be analyzed to see if the composition defined thereby is distinguished in terms from the prior art."). So long as each element of the claims, as properly construed by the Court, are found in a single prior art reference, the claims are invalid as anticipated. *E.g.*, *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1570 (Fed. Cir. 1988).

14

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

Moreover, Odom's argument contravenes and ignores this Court's interpretations of "tool group" and "toolbar," which do not limit the scope of the claims to the language used by prior art authors. In fact, Odom expressly ignores the Court's interpretations, asserting that the Court's constructions "have not been meaningfully instrumental in argument, so in that sense *are not critical*." Odom Unfettered Memo. at 11 (emphasis added). He asserts instead that a "four-level hierarchy associated with toolbars" should govern this case, a concept never mentioned in the patent documents and certainly never adopted by the Court. Odom Validity Memo. at 5 and 10. Thus, Odom again applies his own interpretation and ignores the Court's. But quite aside from that, nowhere does Odom dispute that the cited prior art anticipates the claims *under the Court's interpretations*. Since Odom's arguments apply an interpretation different from that of the Court's and ignore the only relevant interpretation, his arguments are immaterial and he has failed to raise a genuine issue of material fact. Microsoft is therefore entitled to summary judgment of invalidity as a matter of law.

### A.    Windows 98 Taskbar Software

Odom argues that the Windows 98 Taskbar cannot be a "toolbar" because in a publication that is wholly separate from the Windows 98 Taskbar software, the Taskbar is described as holding toolbars. Odom Validity Memo at 9. But what some separate publication states about the Taskbar is not the question. The question is whether the Taskbar satisfies the Court's claim interpretation, and on that Odom has failed to raise a material issue of fact or even address the issue because he has refused to apply the Court's interpretation.

Similarly, Odom argues that the Taskbar documentation referred to sections on the Taskbar as "toolbars" and that they therefore may not be considered "tool groups" within the meaning of his patent. *Id.* But Odom again misses the issue. The question is whether the

15

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

Taskbar sections satisfy the Court's claim interpretation of "tool group," not whether in some other context they are referred to as "toolbars."[12]

Odom never even acknowledges the Court's constructions for these key terms, and he certainly does not apply them when making his arguments. Accordingly, Microsoft is entitled to summary judgment that the asserted claims are anticipated by the Windows 98 Taskbar software.

**B.      The Kavalam Patent**

Odom's arguments regarding the prior art Kavalam Patent are nearly identical to those he offers for Windows 98 Taskbar. As with the Taskbar, Odom does not dispute that Microsoft's discussion of the functionality disclosed in Kavalam is entirely accurate. His argument in response is limited to the names Kavalam gave his components. According to Odom, because the Kavalam inventors referred to their user interface as a "composite toolbar" made up of individual "toolbars," there can be no "toolbar" and "tool groups" within the meaning of his claims. Odom Validity Memo at 6-8.

But once again Odom ignores the Court's claim interpretations and instead demands an *in haec verba* prior art disclosure. The law requires no such disclosure for a finding of anticipation. *In re Tomlinson*, *supra*. But it does require Odom to advance evidence that raises a genuine issue of material fact if he wishes to avoid summary judgment. He has failed to do so. Microsoft is therefore entitled to judgment as a matter of law.

**C.      Odom's Obviousness Argument Raises No Material Issue of Fact**

---

[12] There is, of course, no reason why a particular structure called a "toolbar" in some other context cannot also be a "tool group" for purposes of the '592 Patent. Indeed, that is exactly what the Board concluded when it finally rejected Odom's claims over the Tuniman patent.

16

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon 97201 · (503) 241-2300

The asserted claims are invalid as anticipated by at least the Windows 98 Taskbar software and the Kavalam Patent, so Odom's arguments as to obviousness are immaterial because there is no difference between what Odom claimed and what already existed.  Even if Odom's purported distinctions between the claims and the prior art were given credence, however, that would not save him from summary judgment because those distinctions do not comprise *patentable* differences, as Microsoft has demonstrated.  *See* Opening Memo. at 33-34.

In response, Odom first argues that the doctrine of claim differentiation requires that the Court construe his claims to cover his "four-level toolbar hierarchy," and that somehow this is relevant to patent validity.  Odom Validity Memo at 10.  Claim differentiation, however, is a canon of claim construction, not a theory of patent validity.  *See Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991).  Claim interpretation is no longer at issue, so this argument is immaterial.

Odom next asserts that he never admitted that user-manipulatable dividers were in the prior art.  Odom Validity Memo at 5 n.1.  But here is Odom's sworn deposition testimony concerning an early software program, WordPerfect 9, which he has admitted is prior art:

Q.    And let's look at the figures at the top of page 3.

A.    Okay.

Q.    You agree there is a divider.

A.    That's a divider.

Q.    *There is no question about that.  Right?*

A.    *That's a divider.*

Q.    And these figure [sic] at the top of page 3 indicate that *that divider can be grabbed by the -- dragged and dropped.  Right?*

A.    I'm going with that.  *I agree with you.*

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889

***

Q.      But there is no question that WordPerfect 9 had a user manipulatable divider.  Do you agree with that?

MR. VOWELL:  Objection.  Form.

A.      I would say that -- what's going on here is a customization of the tools on the toolbar, **and that includes the divider.**  This same sort of thing -- yeah.  And we'll call it a divider, the divider.  I called it a divider.  You could call it a separator.  I'm using the terms interchangeably.

Ex. B at 444:21-445:6, 448:1-10 (emphasis added).  He may not like this testimony, but he cannot now deny it.  Nor does he have any evidence to dispute what was included in the prior art WordPerfect 9 software – a divider that looks exactly like the divider disclosed in Odom's patent and which can be "dragged and dropped," *i.e.*, a user-manipulatable divider.

Odom next argues, again, that if something in the prior art is not called a "tool group" then it cannot be a "tool group," but again he ignores the Court's constructions.  Odom Validity Memo at 11.  We have dealt with this above.  Odom is simply wrong.

Finally, Odom contends that secondary considerations of non-obviousness support his claims.  *Id.* at 11-16.  But Odom has shown no material secondary considerations of non-obviousness here, as he has failed to "establish a nexus between the evidence [of such considerations] and the merits of the claimed invention."  *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995).  In this regard, the patentee bears the burden of establishing a legally and factually sufficient connection between the secondary consideration and the claimed invention.  *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988).  Odom presents no evidence of such a nexus.  His brief merely discusses the success of Microsoft's software and without citation claims that success as his own.  Microsoft's software is successful, of course, for a number of reasons, and Odom has advanced no evidence upon which a jury could find that its success has any relationship to the ability to display a separate window

18

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon  97201 · (503) 241-2300

of tools by clicking on the DBL, the asserted infringement here. *See id.* Thus, Odom has failed to carry his burden of showing that any secondary considerations of non-obviousness exist in this case.[13]

## IV.    THE COURT SHOULD DENY ODOM'S RENEWED REQUEST FOR RECONSIDERATION OF CLAIM CONSTRUCTION

Odom asks this Court, yet again, to reconsider its claim constructions for "toolbar," "tool group," and "tool." Odom Unfettered Memo. at 10. As the Court may recall, Odom sought reconsideration of these claim terms on October 6, 2009. (D.I. 92); Ex. G. The Court denied Odom's motion on November 10, 2009 (D.I. 97); Ex. H. Here, he offers no new evidence or argument in his renewed motion that would support reconsideration of this Court's claim construction rulings, relying on the same arguments that he presented (and the Court rejected) twice before. So as not to burden the Court with another recitation of why this latest motion for reconsideration should be denied, Microsoft respectfully directs the Court's attention to the arguments set forth in Microsoft's opposition to Odom's October 6, 2009 Motion for Reconsideration, (D.I. 93), hereby incorporates them by reference, and urges the Court to once again reject Odom's request.

## V.    CONCLUSION

For the reasons stated above and in Microsoft's opening brief, Microsoft respectfully requests summary judgment that claims 8, 10, and 14 of the '592 Patent are not infringed by the accused Microsoft software and that each of those claims are invalid. Odom's motions for

---

[13] In any event, a patent claim may still be found invalid as obvious even where secondary considerations of non-obviousness have been proven. *Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 768 (Fed. Cir. 1988).

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1) INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID**

DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue · Suite 2300

Portland, Oregon 97201 · (503) 241-2300

summary judgment for (1) Infringement by Microsoft, (2) Unfettered Claims for 7,363,592, and (3) 7,363,592 as Not Invalid should be stricken as untimely under the Court's scheduling order or, in the alternative, denied.

Dated:  May 19, 2010

**DAVIS WRIGHT TREMAINE LLP**

s/ *Robert D. Newell*
Robert D. Newell, OSB #790917
bobnewell@dwt.com
William A. Birdwell, OSB #730298
billbirdwell@dwt.com
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:     (503) 241-2300
Facsimile:     (503) 778-5299

**ARNOLD & PORTER LLP**
Joseph A. Micallef, (Appearing *pro hac vice*)
joseph.micallef@aporter.com
Matthew N. Bathon, (Appearing *pro hac vice*)
matthew.bathon@aporter.com
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Defendant and Counterclaim
Plaintiff Microsoft Corporation

20

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
ODOM'S MOTIONS FOR SUMMARY JUDGMENT OF (1)
INFRINGEMENT OF 7,363,592 BY MICROSOFT, (2) UNFETTERED
CLAIMS FOR 7,363,592, AND (3) 7,363,592 AS NOT INVALID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

DWT 14730083v1 0025936-000889