**Gary Odom**
Email: gary@patenthawk.com
123 NW 12th Ave., Suite 1545
Portland, OR 97209
Telephone: 503.922.2433
Facsimile: 985.923.0291

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION | Case No. 3:09-CV-230-MO |
|        Counterclaim Plaintiff, | |
| vs. | **RESPONSE TO MICROSOFT'S PROPOSED JUDGMENT** |
| GARY ODOM | |
|        Counterclaim Defendant. | |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Counterclaim Defendant Gary Odom has no experience whether a case is ordinary versus exceptional. From a jurisprudence perspective, the Court better understands the context of events.

"Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion. See Fed.R.Civ.P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." (emphasis added)); Mexican-American Educators, 231 F.3d at 591.

"The discretion of the district court, however, is not unlimited. As we explained in *Mexican-American Educators,*

[a] district court must "specify reasons" for its refusal to award costs. On appeal, we determine whether the reasons that the district court has specified are appropriate and whether, considering those reasons, the court abused its discretion in denying costs.

. . . .

"Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case. Our requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs.

1

**RESPONSE TO MICROSOFT'S PROPOSED JUDGMENT**
**CASE NO. 3:09-CV-230-MO**

GARY ODOM
123 NW 12th Ave · Suite 1545
Portland, OR 97209 · (503) 922-2433

"231 F.3d at 591-92, 593 (citation omitted). We have previously approved as appropriate reasons for denying costs: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) "the chilling effect of imposing ... high costs on future civil rights litigants." *Id*. at 592 (internal quotation marks omitted). In addition, we noted with approval in *Mexican-American Educators* that other circuits have held that the following factors are appropriate: (1) the issues in the case were close and difficult; (2) the prevailing party's recovery was nominal or partial; (3) the losing party litigated in good faith; and, perhaps, (4) the case presented a landmark issue of national importance. *Id.* at 592 n. 15. *See also Save Our Valley v. Sound Transit,* 335 F.3d 932, 945(9th Cir.2003)." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.* 342 F.3d 1016, 1022 (9th Cir. 2003).

Dated: August 16, 2010

_____
Gary Odom
123 NW 12th Ave., Suite 1545
Portland, OR 97209
Telephone: 503.922.2433
Facsimile: 985.923.0291
Email: gary@patenthawk.com

2